**FILED**

DEC 1 4 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ Deputy

RANDOLPH H. BARNHOUSE
Luebben Johnson & Young LLP
211 12th Street NW
Albuquerque, New Mexico 87102
(505) 842-6123
(505) 842-6124 (fax)
Email: dbarnhouse@luebbenlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| LINCOLN PERATROVICH, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. A92-0734-CV (HRH)<br><br>PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

No one denies that Plaintiffs' existing complaint meets the notice pleading requirements of Fed. R. Civ. P. 8(A). Cf. Immigrant Assist. Project v. Immigration and Naturalization Service, 306 F.3d 842, 865 (9th Cir. 2001) (remanding with instructions to allow amendment of the complaint, discussing notice pleading requirements). As a result, Plaintiffs' proposed amended complaint is not meant to correct an otherwise deficient complaint. Instead, it is intended to provide an updated statement of Plaintiffs' claims to assist the parties and the Court in expeditiously addressing those claims.

As stated in Plaintiffs' memorandum in support of their motion to amend the complaint, and conceded by the Defendants' in their response in opposition to that motion, Plaintiffs' proposed second amended complaint does not substantially expand the factual

163

or legal dimensions of this litigation.[1] The amended complaint, if filed, will give all the parties and the Court a current statement of the legal claims at issue, and facts supporting those claims, from which to work. This is not a situation where leave to amend is necessary to cure a deficiency in an existing complaint or where the second amended complaint raises "potentially frivolous" arguments, as was the case in all the cases relied upon by the federal defendants to support their futility claim in their response in opposition.[2] Instead, Plaintiffs' request is merely to update an admittedly sufficient complaint to benefit further proceedings in this case.

Defendants have not argued that they would be prejudiced in any fashion from the filing. Instead they make a host of arguments attacking the merits of Plaintiffs' claims. Because those claims already are pending before this court, it would be more efficient to update, and then address, their merits. In other words, denying Plaintiffs leave to file the amended complaint would not change the procedural posture of these proceedings. Briefing and argument will still need to take place on Defendants' dispositive motions, and once those are resolved, the case will proceed pursuant to the rules of procedure. The question on Plaintiffs' motion to amend the complaint merely is whether that briefing and argument, and subsequent proceedings, will be directed to the first amended complaint, or the updated factual and legal issues set out in the proposed second amended complaint.

---

[1] The federal defendants combined their response to plaintiffs' motion to amend with a nineteen page memorandum in support of their motion for judgment on the pleadings. The State of Alaska incorporated the arguments of the federal defendants in opposition to the motion to amend the complaint without further argument. Plaintiffs' therefore reply to Defendants' arguments without differentiating between the defendants.

[2] Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764 (9th Cir. 1991) (affirming district court where request to leave to amend appeared to be nothing more than a desperate effort to persuade the district court to retain jurisdiction); Saul v. United States, 928 F2d. 829 (9th Cir. 1991) affirming district court where Civil Service Reform Act afforded plaintiff an administrative remedy which he did not utilize, unlike here where administrative processes have been exhausted); Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995) (in habeas corpus action, district court properly denied amended petition that made patently frivolous arguments); Partington v. Bugliosi, 56 F.3d 1147, 1162 (9th Cir. 1995) (originally deficient complaint could not be cured by amendment).

2

Plaintiffs' Motion for Leave to File Second Amended Complaint satisfies the provision of F.R.C.P. Rule 15(a) that "leave shall freely be given when justice so requires." In addition to the reasoning set out above, these interests would also be served because:

(1) Facts have developed since plaintiff's current complaint was filed which make the pending complaint somewhat dated (but not deficient);

(2) The Second Amended Complaint does not substantially alter the factual or legal allegations of the First Amended Complaint;

(3) There will be no prejudice to the defendants resulting from an order permitting the filing of the Second Amended Complaint;

(4) Under the liberal notice pleading requirements in F.R.C.P. 15 (a), the first amended complaint contains adequate general averments regarding the federal Defendants' exercise of their regulatory authority to encompass a substantive challenge to unlawful regulations adopted after the first amended complaint was filed (e.g., first amended complaint paragraphs 22, 23 and 40).

(5) Amending the complaint to include the new regulations will avoid the necessity to bring a separate action. The regulations adopted after the filing of the first amended complaint are contrary to the statutory authority on which they are based. As a result, a new complaint could be brought challenging those regulations separate from the pending action, which would duplicate aspects of the current proceedings.

As to this fifth point, Defendants indicate their belief that Plaintiffs' first and second amended complaints, "differ from each other only in that the First Amended Complaint challenges the 1992 regulations while the Second Amended Complaint challenges the 1999 regulations." (Federal Defendants' Opposition to Plaintiffs' Motion for Leave to File

3

Second Amended Complaint and Memorandum in Support of Motion for Judgment on the Pleadings at 18-19). Defendants make that distinction in an attempt to support their "futility" argument, which is based on the erroneous proposition that regulations, no matter how contrary to the Constitution or the statutory authority on which they are based, are immune from challenge six years after their adoption. In making that argument, Defendants confuse procedural challenges to the promulgation of a regulation with substantive challenges to the regulation itself.[3]

In Sierra Club v. Penfold, 664 F. Supp. 1299 (D. Ak 1987) this Court decided this exact issue against the position now taken by the Defendants here. In Sierra Club the plaintiffs sought to amend their complaint, and the defendants opposed that motion based, in part, on a claim that amendment would be "futile." Like the Defendants here, the defendants in Sierra Club argued that the six year statute of limitations in 28 U.S.C. Section 2401(a) prohibited a challenge to regulations adopted more than six years before plaintiffs sought to amend their complaint to challenge the regulations. In rejecting that argument, this Court made the distinction between a challenge to procedures surrounding a regulation's promulgation, which can be time barred, and a substantive challenge to regulations, which the Court held were not time barred. In rejecting the defendants' claims that the time bar applied to substantive challenges, this Court recognized that to, "the extent that evidence is required to show that a regulation is contrary to statute, for example, there is little likelihood that such evidence will be stale." The Court went on to note that the defense of a time bar does not apply when a continuing wrong occurs from the application of wrongful regulations that violate statutory protections.

By allowing the Plaintiffs in this case to amend their complaint, the interests of justice and judicial economy will be well served; no prejudice will result to any of the

---

[3] This issue will be addressed in greater detail in Plaintiffs' Response in Opposition to Defendants' Joint Motion on the Pleadings.

4

Defendants; and the Plaintiffs' updated complaint will allow the parties' to proceed with this case in a way that recognizes and incorporates historic changes that have occurred since the filing of the First Amended Complaint. Accordingly, the Plaintiffs request that this Court grant them leave to file their Second Amended Complaint.

December 13, 2005.

    Respectfully submitted

    RANDOLPH H. BARNHOUSE, Esq.

    _____
    Luebben Johnson & Young LLP
    211 12th Street NW
    Albuquerque, New Mexico 87102
    (505) 842-6123
    (505) 842-6124 (fax)

    Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2005 a copy of the foregoing was served by United States mail, first class, postage paid, to the following:

Dean K. Dunsmore
Joanne Grace

_____
Richard C. Wade