RANDOLPH H. BARNHOUSE
Luebben Johnson & Barnhouse LLP
211 12th Street NW
Albuquerque, New Mexico 87102
(505) 842-6123
(505) 842-6124 (fax)
Email: dbarnhouse@luebbenlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| LINCOLN PERATROVICH, et al., | ) | No.  A92-0734-CV (HRH) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | PLAINTIFFS' RESPONSE IN |
| vs. | ) | OPPOSITION TO DEFENDANTS' |
| | ) | MOTION FOR JUDGMENT ON |
| UNITED STATES OF AMERICA, et al., | ) | THE PLEADINGS |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    INTRODUCTION

When it passed the Alaska National Interest Lands Conservation Act ("ANILCA"),

Congress required that a subsistence fishing priority be given to rural Alaskans.  The

Defendants in this action have succeeded in gutting ANILCA by claiming that this

federal law does not apply in many federal reserves, including the Tongass National

Forest.  That claim simply is not true.  What is true is that the Federal Defendants have

abrogated their statutory duties to provide subsistence fishing permits to Plaintiffs as

required by Congress.  Defendants now seek to avoid defending their failure by having

this Court enter judgment on the pleadings against the Plaintiffs.  The Federal

Defendants' ultra vires regulatory decisions cannot be allowed to stand. Defendants'

must be required to respond to and otherwise defend the claims adequately pled in

Plaintiffs' Complaint. Defendants' motion for judgment on the pleadings must be

denied.[1]

II.    ARGUMENT

A.    JUDGMENT ON THE PLEADINGS IS INAPPROPRIATE WHERE, AS
      HERE, THE COMPLAINT IS ADEQUATELY PLED.

Under Fed.R.Civ.P. 8, pleadings should be liberally construed.  As noted by the

United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) "the

Federal Rules reject the approach that pleading is a game of skill in which one misstep

by counsel may be decisive to the outcome and accept the principle that the purpose of

pleading is to facilitate a proper decision on the merits."  As a result, judgment on the

pleadings is only proper when, taking all the allegations in the pleadings as true and

construed in the light most favorable to the nonmoving party, the moving party is entitled

to judgment as a matter of law. *Living Designs, Inc. v. DuPont*, 431 F.3d 353, 360 (9th

Cir. 2005) (reversing district court's grant of judgment on the pleadings).

The Ninth Circuit Court of Appeals *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

249 (9th Cir. 1997) has confirmed that "The federal rules require only a 'short and plain

---

[1] The State of Alaska joined in the motion for judgment on the pleadings without further
argument.  Plaintiffs therefore respond to Defendants' joint arguments without
differentiating between the Defendants as to the arguments, but do differentiate in terms
of the unlawful acts and failure to act by the Federal Defendants.

statement of the claim showing that the pleader is entitled to relief.' " (citation omitted) (reversing district court's dismissal of Complaint with prejudice following two opportunities to amend the Complaint). Under the Federal Rules of Civil Procedure, technical niceties of pleading should not be exalted. Instead, the sufficiency of a Complaint should be tested by whether it gives fair notice of the complainant's claim to an opposing party. *Hall v. Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) (reversing district court's grant of motion to dismiss, noting that although the "Complaint was somewhat elliptical, the opposition to the motion to dismiss fairly advised defendant and the district court as to the nature of plaintiffs' claim" n.6) *cert. denied* 485 U.S. 940 (1988).

As set forth below, the averments in both Plaintiffs' First Amended and Second Amended Complaints, taken as true and construed in the light most favorable to the Plaintiffs, are more than adequate under the federal rules of pleading. Therefore, Defendants' motion must be denied.[2]

---

[2] The Federal Defendants combined a response to Plaintiffs' motion to amend with a nineteen page memorandum in support of a separate motion by Defendants for judgment on the pleadings. They attached two pleadings from another case to their memorandum. Should the Court determine that these pleadings convert the pending motion to one for summary judgment under Fed.R.Civ.P. 12(c), then Plaintiffs request an opportunity to present opposing evidence demonstrating a genuine issue of material fact.

Plaintiffs' Opposition to Motion
for Judgment on the Pleadings

**B.    NO STATUTE OF LIMITATIONS BARS REVIEW OF SUBSTANTIVE CHALLENGES TO THE LEGALITY OF FEDERAL REGULATIONS.**

Defendants' regulations that existed at the time this case was filed were contrary to the statutory authority on which they were based.  That claim is adequately set forth in the First Amended Complaint,[3] and the proposed Second Amended Complaint.[4] Plaintiffs' general averments as to the illegality of the Federal Defendants' regulatory scheme clearly encompass both existing and future regulations.  Indeed, the First Amended Complaint speaks only in general terms as to the Federal Defendants' regulations, and notes that amendments to the regulations did not resolve Plaintiffs' claims (paragraphs 13(j), 48(c) and 51).  And only four paragraphs in the proposed Second Amended Complaint include citation to specific regulations, and they similarly aver that the amendments did not resolve Plaintiffs' claims.[5]  Having been adequately pled, the claims are not moot, and are sufficient to withstand a motion for judgment on the pleadings claiming a statutory time bar to Plaintiffs' claims.

As set forth in Section C below, it is well recognized that pleadings need not be amended, nor new claims made, every time a challenged regulation is changed or modified, if the modifications do not correct the challenged deficiencies.  *Panama Refining Co. v. Ryan*, 293 U.S. 388 (1935) ("the amended regulations continue substantially the earlier requirements, and expand them.  They present the same

---

[3] The claim is set out in at least the following paragraphs in the First Amended Complaint:  3, 9, 10, 13(j), 13(k), 22, 23, 24, 25, 26, 27, 28, 29, 38, 40, 44, 47, 48(c), 49, 50, 51, 52, 53, 55, 56, 57(a).

[4] The claim is set out in at least the following paragraphs in the Proposed Second Amended Complaint:  1, 13(j), 13(k) 22, 23, 24, 25, 26, 27, 28, 29, 43, 49, 50, 51, 52, 54, 55, and 63.

[5] Paragraphs 13(j), 24, 47(c) and 63.

Plaintiffs' Opposition to Motion
for Judgment on the Pleadings

constitutional questions, and the cases as to these are not moot"). Ignoring this settled principle, Defendants have moved for judgment on the pleadings, arguing that regulations, no matter how contrary to the Constitution or the statutory authority on which they are based, are immune from challenge six years after their adoption. In making that argument, Defendants confuse procedural challenges to the promulgation of a regulation with substantive challenges to the regulation itself.

In *Sierra Club v. Penfold*, 664 F. Supp. 1299 (D. Ak. 1987) *aff'd* 857 F.2d 1307 (9th Cir. 1988), this Court decided this exact issue against the position now taken by the Defendants here.[6] In *Sierra Club* the plaintiffs sought to amend their Complaint, and the Defendants opposed that motion based, in part, on a claim that amendment would be "futile." Like the Defendants here, the defendants in *Sierra Club* argued that the six year statute of limitations in 28 U.S.C. Section 2401(a) prohibited a challenge to regulations adopted more than six years before plaintiffs sought to amend their Complaint. In rejecting that argument, this Court made the distinction between a challenge to procedures surrounding a regulation's promulgation, which can be time barred, and a substantive challenge to regulations, which the Court held were not time barred (at 26). In rejecting the defendants' claims that the time bar applied to substantive challenges, this Court recognized that to "the extent that evidence is required to show that a regulation is contrary to statute, for example, there is little likelihood that such evidence will be stale."

---

[6] The Federal Defendants provided the Court with a copy of this decision, and correctly pointed out that the Court's ruling on this issue was not in a published portion of its final decision. D.Ak.LR 7.1(c)(1). Citations to that case in this brief are to the pages in the copy provided by the Federal Defendants. The unreported ruling on this issue was affirmed by the Ninth Circuit Court of Appeals (857 F.2d 1307, 1315-16, 1322) ("the procedural challenge to the Notice regulations are [sic] time barred" (at 1316) (emphasis supplied)).

Plaintiffs' Opposition to Motion
for Judgment on the Pleadings

*Id.* The Court went on to note that the defense of a time bar does not apply when a continuing wrong occurs from the application of wrongful regulations that violate statutory protections. *Id.*

The only other case cited by Defendants in their notice of supplemental authority, *Wind River Mining Corp v. United States,* 946 F.2d 710, 715 (9th Cir. 1991), also supports Plaintiffs' position. In *Wind River*, the Ninth Circuit Court discussed the procedural and substantive distinction, and then discussed and adopted the approach taken by the District of Columbia Circuit Court of Appeals when it allowed a challenge to an action that occurred thirty years earlier:

> "The court had in effect permitted a substantive challenge to the earlier decision because it was brought in the context of an adverse application of that decision. The District of Columbia Circuit's approach, in our view, strikes the correct balance between the government's interest in finality and a challenger's interest in contesting an agency's alleged overreaching. . . . If, however, a challenger contests the substance of an agency decision as exceeding constitutional or statutory authority, the challenger may do so later than six years following the decision by filing a complaint for review of the adverse application of the decision to the particular challenger."

946 F.2d at 715.

Moreover, the pending action was stayed for five of the years in which Defendants claim the statutory limitation period was running. Because the action was stayed, the applicable limitations period was tolled. *Cervantes v. San Diego,* 5 F.3d 1273 (9th Cir. 1993) ("when a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the Complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled" *quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)*)). Even if the

Plaintiffs' Opposition to Motion
for Judgment on the Pleadings

Court decides that substantive challenges to regulations can be time barred, the stay and related tolling of the limitations period provide Plaintiffs with additional time in which to bring a claim challenging the regulations in place at the time the Defendants filed their motions.

Finally, on January 18, 2006, the Federal Defendants notified the Court and the parties of new amendments to the applicable regulations.  The amended regulations became effective January 26, 2006.  Under the Federal Defendants' argument regarding the statue of limitations, a new six year limitations period began on January 26, 2006.  Under the Federal Defendant's argument, a new Complaint could now be filed, or an amended claim presented, to challenge the new regulations without running afoul of the statute of limitations.  But doing so would simply replicate issues now before this Court.  The better practice is to continue these proceedings, and address the merits of Plaintiffs' claims.

**C.    PLAINTIFFS' CLAIMS EXTEND TO CURRENT REGULATIONS AND ARE NOT MOOT.**

As noted above, Plaintiffs' challenge to Defendants' regulatory scheme as set out in the First Amended Complaint, and the proposed Second Amended Complaint, taken as true and construed in the light most favorable to the Plaintiffs as required by Fed.R.Civ.P. 12(c), adequately state a claim, and cannot be dismissed as moot.[7]

In the instant case, although the Federal Defendant's regulations have been amended at least twice since Plaintiffs filed their original Complaint in this action, those

---

[7] See notes 3 and 4, *supra*.

amendments have not led to Plaintiffs' receipt of federal subsistence fishing permits for herring roe in the Tongass National Forest. As a result, the regulatory amendments notwithstanding, Plaintiffs have not achieved the relief sought in their original Complaint, and the issues raised in that Complaint are not moot. *Panama Refining Co. v Ryan*, 293 U.S. 388 (1935); *Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995) ("If the injury of which a plaintiff complains continues even under the amended statute, then the possible issuance of an injunction promises a measure of relief, and a court may act"); *Paulsen v. Lehman*, 839 F.Supp.147, 157 (E.D.N.Y. 1993) ("The revised regulations have not eliminated the harm of which the plaintiff complained. Therefore, the Court finds that the instant controversy is not moot").

Plaintiffs here continue to be denied federal approval of applications for subsistence fishing permits to collect herring roe in the Tongass National Forrest. Defendants do not, and cannot, assert that Plaintiffs' claims have been resolved by the amendments to the regulations. As a result, Plaintiffs' challenge of the regulations, in their current amended format, is not moot. The amendments to the regulations did not change the government's position in pending litigation, and do not require dismissal of Plaintiffs' claims. *Church of Scientology v. Clearwater*, 777 F.2d 598, 605-06 & n.22 (11th Cir. 1985) ("there are numerous cases illustrating the principle that where a challenged ordinance is amended during litigation the appropriate course is to proceed to a consideration of the amended ordinance"), *cert. denied*, 476 U.S. 1116 (1986).

**D.     THIS COURT HAS THE AUTHORITY TO GRANT RELIEF ON
PLAINTIFFS' CLAIMS BASED ON THE INTEREST HELD BY THE
UNITED STATES IN THE MARINE WATERS OF THE TONGASS
NATIONAL FOREST.**

**1)     Plaintiffs Have Stated a Claim on Which Relief Can Be Granted.**

Within their motion for judgment on the pleadings (in Paragraphs IV through VII,
pages 9-15), the Defendants claim that they are entitled to relief based on allegations
that Plaintiffs have failed to state a claim on which relief can be granted, a request that
falls under Fed.R.Civ.P. 12(b)(6).  This request also must be rejected.

A motion to dismiss for failure to state a claim on which relief can be granted
must fail unless it appears that Plaintiffs can establish no set of facts in support of their
claims against the Defendants which would entitle them to relief.  *Allied Signal Inc. v.
Phoenix*, 182 F.3d 692 (9th Cir. 1999).  In *Allied Signal*, the Ninth Circuit Court of
Appeals reversed the Arizona District Court's dismissal of the Complaint on a 12(b)(6)
motion, noting, among other things, that "[u]nlikelihood of success, however, does not,
by itself, justify dismissal under 12(b)(6)." *Id.* at 696 (citation omitted).  *See also*,
*Assiniboine and Sioux v. Board of Oil and Gas Cons.,* 792 F.2d 782 (9th Cir. 1986)
(district court erred in granting government's motion to dismiss because the Tribes
should have been allowed to present evidence on the Secretary's unlawful sub-
delegation of authority).

      2)      **Defendants' Own Admissions Support a Grant of Relief in This**
              **Case.**

In both the First Amended Complaint,[8] and in the Second Amended Complaint,[9]

Plaintiffs set forth allegations regarding the interest held by the United States in the

waters of the Tongass National Forest, and the basis for relief given the interest held by

the United States.  These averments meet the pleading requirements in the Federal

Rules of Civil Procedure, and as a result cannot be dismissed through entry of judgment

on the pleadings.

Additionally, admissions by the State of Alaska in its answer to Plaintiffs' First

Amended Complaint, and by the United States in its answer to the State of Alaska's

Complaint in *State of Alaska v. United States, __ U.S. __,* 125 S.Ct. 2137 (2005)

demonstrate that Plaintiffs can establish facts in support of their claim that entitle them

to relief.

Defendant State of Alaska, responding to Plaintiffs' paragraph 14 in the First

Amended Complaint stated, "Defendant admits the allegations of paragraph 14 of the

Complaint that certain navigable marine waters lie within the exterior boundaries of the

Tongass National Forest, and that the Tongass National Forest was reserved by the

United States for national forest purposes since a date or dates prior to Alaska

statehood."  And in paragraph 19 of its answer, Alaska admits that the United States

holds title to certain lands within the 1909 boundaries of the Tongass National Forest,

---

[8] These claims are contained in at least the following paragraphs in the First Amended
Complaint:  9, 10, 13(j), 13(k), 14, 16, 17, 18, 19, 20, 22, 23, 24, 25, 27, 28, 29, 40, 44,
50, 51, 52, 53, 56, 61, 62, and 63.
[9] These claims are contained in at least the following paragraphs in the Proposed
Second Amended Complaint:  14, 16, 17, 18, 19, 20, 23, 49, 60, 61, and 63.

          Plaintiffs' Opposition to Motion
                                      for Judgment on the Pleadings

"arising in part from the Submerged Lands Act of 1953."  Because the Submerged

Lands Act applies, by its terms, to submerged lands, this admission confirms title in the

United States to at least some submerged lands in the Tongass National Forest.  That

position is further confirmed by the State's admission in paragraph 20 of its answer that,

"The United States holds title to certain lands **and waters** within the Tongass National

Forest . . . ." (emphasis supplied).

The Federal Defendants attached a copy of the State of Alaska's Amended

Complaint to their memorandum in support of their motion for judgment on the

pleadings, and on January 20, 2006, filed a copy of the United States Supreme Court's

Decree, both from *Alaska v. United States,* __ U.S. __, 125 S.Ct. 2137 (2005).  A copy

of the United States' Answer to the Complaint in that case is attached to this

memorandum as Exhibit 1.  At paragraph 46 of the Answer, answering Count III of the

amended Complaint which dealt with Alaska's claims to submerged lands in the

Tongass National Forest, the United States admitted, "that it claims an interest in the

tidelands and submerged lands within the boundaries of the Tongass National Forest

and that that interest is disputed by Alaska.  The United States denies that Alaska holds

title to such lands."

Plaintiffs are not, in this response, arguing the import of these admissions on the

ultimate outcome of this case.  The admissions do, however, show the impropriety of

judgment on the pleadings.  Under Fed.R.Civ.P. 11, the lawyers signing the referenced

pleadings on behalf of the Defendants certified to the court that to the best of the

person's knowledge, information, and belief, formed after an inquiry reasonable under

the circumstances, "the claims, defenses, and other legal contentions therein are

warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence."

Finally, had the Ninth Circuit Court of Appeals ruled differently in *Alaska v. Babbitt*, 72 F.3d 698 (9th Cir. 1988), *cert. denied* 517 U.S. 1187 (1996), and *John v. United States,* 247 F.3d 1032 (9th Cir. 2001) there would not have been a need for the Plaintiffs here to address a number of issues regarding the status of the federal government's interest in the submerged lands within the boundaries of the Tongass National Forest.  Given the results in those cases, the parties in this case must now address those issues, among others.  However, as demonstrated by the admissions made by the Defendants in this and other cases, and considering that discovery has yet to take place in this case, it is clear that Plaintiffs can establish a set of facts in support of their claim which would entitle them to relief.  Therefore, Defendants' motion to dismiss for failure to state a claim on which relief can be granted must be denied.

3)      The "Disclaimer of Title" Filed By the United States
        Department of Justice in *Alaska v. United States* Does Not Bar
        Plaintiffs' Claims in This Case.

a)      The "Disclaimer" does not affect the adequacy of
        Plaintiffs' pleading.

The impact, if any, on Plaintiffs' claims in this case of the United States'

disclaimer in *Alaska v. United States,* __ U.S. __, 125 S.Ct. 2137 (2005) goes to the

issues, and not the adequacy of Plaintiffs' Complaint.  Plaintiffs reiterate that the issue

on the pending motion is whether Plaintiffs' Complaint adequately alleges that the

United States retains an interest in the waters of the Tongass National Forest sufficient

for it to exercise subsistence fishing jurisdiction in those waters under ANILCA.  Those

allegations are adequately set forth in the First Amended Complaint,[10] and in the

proposed Second Amended Complaint.[11]  Therefore, Defendants' Motion for Judgment

on the Pleadings must fail.

b)      Title to land is not conveyed by a disclaimer.

Contrary to the Defendants' allegations, the Supreme Court's acceptance of the

Executive Branch's "disclaimer of title" in *Alaska v. United States* does not preclude the

relief sought by Plaintiffs in this case.  Title to the lands at issue here was not conveyed

by the disclaimer, which specifically excluded certain lands as set forth in subsection

D(3)(d) below.

---

[10] E.g., First Amended Complaint paragraphs 9, 10, 13(j), 13(k), 14, 16, 17, 18, 19, 20, 22, 23, 24, 25, 27, 28, 29, 40, 44, 50, 51, 52, 53, 56, 61, 62, and 63.
[11] E.g., Proposed Second Amended Complaint paragraphs 14, 16, 17, 18, 19, 20, 23, 49, 60, 61, and 63.

The State of Alaska could have elected to oppose the disclaimer of title, and received the benefit of a ruling on the merits by the Supreme Court. Instead, it elected (at its peril) to accept the disclaimer. Section 2409(e) of the Quiet Title Act makes clear that the Court could have rejected the disclaimer. 28 U.S.C. §2409(e). That section also makes clear that once the disclaimer was accepted by order of the Supreme Court, the jurisdiction of the Court ceased as to this issue. *Id.*[12] In other words, once the Court confirmed the disclaimer, it lost any power to effectuate a transfer of title to the extent it had that power before confirmation of the disclaimer. This is precisely the position taken by the Supreme Court in its January 26, 2006 decree: "The motion of the State of Alaska for summary judgment on count III [claims to submerged lands in the Tongass National Forest] is dismissed for lack of jurisdiction." 546 U.S. at __; Decree paragraph numbered 3, page 3.

The disclaimer simply removed that claim from the trial of the matter. It did not act as a transfer of title to the State of Alaska. And it did not, and could not, preclude further litigation on the issue of the United States' title to submerged lands in the Tongass National Forest. *See Arizona v. California*, 530 U.S. 392, 414-415 (2000) ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section [describing issue preclusion's domain] does not apply with respect to any issue in a subsequent action." Quoting *Restatement (Second) of Judgments Section 27*, p. 257).

---

[12] The Supreme Court has the same powers, and limitations, as a district court in an original action brought by a state against the United States under the Quiet Title Act. *California v. Arizona*, 440 U.S. 59, 65 (1979).

Plaintiffs' Opposition to Motion
                                                 for Judgment on the Pleadings

Again, this is confirmed by the very language used by the Supreme Court in its decision upon which the decree is based.  When addressing the issues decided on the merits, the Court stated: "Alaska shall **take title** neither to the submerged lands underlying the pockets and enclaves of water at issue in counts I and II of its Amended Complaint nor to the submerged lands underlying the waters of Glacier Bay at issue in count IV." 125 S.Ct. at 2161 (emphasis supplied).  However, when addressing Count III of the Complaint which dealt with title to submerged lands in the Tongass National Forest, the Court did not say that Alaska took title to those lands.  Instead the Court simply said, "The proposed disclaimer is hereby accepted."  No change in title occurred, nor could it have occurred, as a result of that acceptance.

> c)      **The Executive Branch cannot transfer the title held by the United States in the Tongass National Forest.**

It is well settled that only Congress, and not the Executive Branch, can alienate land owned by the United States.  Under Article 4, Section 3, Clause 2 of the Constitution (the "Property Clause"), Congress is given the exclusive power to dispose of property belonging to the United States.  The Supreme Court has repeatedly held that under the Property Clause, no Executive Branch official can effectuate a transfer of federal property not authorized by Congress, and the United States cannot be barred from recovering federal property which has been erroneously transferred by a federal official mistaken as to his Congressional authority.  *See, e.g. Utah v. United States*, 284 U.S. 534, 545-46 (1932).  *Accord, United States v. California*, 332 U.S. 19, 27, 39-40 (1947); *Utah Power & Light Co. v. United States*, 243 U.S. 389, 408-09  (1917).

A long line of Supreme Court decisions have established that the federal Government cannot lose federal lands by reason of the delay of federal officials in asserting the Government's superior title to such lands, since only Congress has the constitutional power to dispose of federal lands. *See, e.g. United States v. California*, 332 U.S. 19 (1947); *United States v. Insley*, 130 U.S. 263 (1889). In *Insley* the Supreme Court added that "the great principle of public policy, applicable to all governments alike . . . forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided." 130 U.S. at 266.

Because the United States held title to at least some of the submerged lands at issue in this case, as admitted by the Defendants, if not all as asserted by the Plaintiffs, any "disclaimer" of that title did not effectuate a transfer of title, and that title is therefore still held by the United States.

> **d)    Exceptions in the disclaimer make it inapplicable to Plaintiffs' claims.**

The disclaimer submitted by the United States contains two exceptions that cause it to be inapplicable to Plaintiffs' claims in this case. First, it excepts "any submerged lands that are subject to the exceptions set out in Section 5 of the Submerged Lands Act, ch. 65, Tit. II, Section 5, 67 Stat. 32, 43 U.S.C. 1313." Section 5, 43 U.S.C. Section 1313(a) excepts from the transfer of title to the states accomplished under the Submerged Lands Act, among other lands, "any rights the United States has in lands presently and actually occupied by the United States under claim of right," and excepts lands, "expressly retained by or ceded to the United States when the State entered the Union." These exceptions, and perhaps others, apply to the

interest held by the United States in the marine waters of the Tongass National Forest.
And the State of Alaska has admitted at least some of these claims in its answer to the
First Amended Complaint.

A second exception in the disclaimer is "any submerged lands that were under
the jurisdiction of an agency other than the United States Department of Agriculture on
the date of the filing of the Complaint in this action."  Defendants have not submitted
any evidence as to which agencies have, or do not have, jurisdiction over the
submerged lands at issue in this case.  Without such evidence, it is impossible to
determine which lands, if any, might have been intended to be covered by the U.S.
Attorneys' "disclaimer" and which lands were not.  Indeed, the Federal Defendants in
their brief in support of the pending motion (at 11) confirmed that the disclaimer only
applied to "certain" marine waters within the Tongass National Forest.

Moreover, the Complaint in that case was filed in late 2000.  *Alaska v. United
States*, 120 S.Ct. 2681 (2000).  At that time the United States Department of Agriculture
had already claimed in this case that it did not have jurisdiction over the lands at issue.
That claim removed the disputed land from the jurisdiction of the Department of
Agriculture, but did nothing to defeat the United States' interest in those lands.  If
Agriculture originally had jurisdiction, then so did the Department of Interior.  Interior did
have some jurisdiction over the government interest in the lands at issue in this case as
it jointly promulgated all regulations at issue pursuant to ANILCA.  Because the lands at
issue "were under the jurisdiction of an agency [Interior] other than the United States
Department of Agriculture," title was not disclaimed under this exception.

The intent of the disclaimer is irrelevant because the result sought was legally not effective.  The interest held by the United States either was not under the jurisdiction of either agency, as both had disclaimed it, or it was under the jurisdiction of both.  Either way, the "disclaimer," by its own terms, did not apply to the very title the Executive Branch wrongfully sought to "disclaim."  As a result, the United States' interest in submerged lands in the Tongass National Forest was not affected by the "disclaimer."

E.    **PRIOR DECISIONS IN *ALASKA v. BABBITT* AND *JOHN v. UNITED STATES* DID NOT DECIDE THE MERITS OF PLAINTIFFS' CLAIMS**

Defendants allege that rulings in cases in which Plaintiffs were not a party regarding the property interest retained by the United States in submerged Alaskan lands require granting a motion for judgment on the pleadings against Plaintiffs in this case.  That assertion is wrong for several reasons.

First, in *Alaska v. Babbitt* the Ninth Circuit Court of Appeals entered a decision addressing a number of global issues:

1)  it held that the United States' navigational servitude does not cause all navigable waters in Alaska to be public lands within the meaning of ANILCA (72 F.3d at 703);

2)  it rejected the argument that Congress exercised its Commerce Clause powers to regulate all Alaskan navigable waters under ANILCA (but left open the question whether Congress exercised the Commerce Clause to regulate some navigable waters under ANILCA)(72 F.3d at 703); and

3)  it confirmed that under the reserved water rights doctrine, the United States reserved waters appurtenant to land in Alaska that were reserved by the United States, thus making ANILCA applicable to <u>certain</u> navigable waters (72 F.3d at 703).

Neither the decision in *Alaska v. Babbitt*, nor the *en banc* affirmation of that decision in *John v. United States* resolved the issues in this case.  Specifically, no court has ever decided whether ANILCA requires subsistence fishing priority under federal law for Plaintiffs here, either because of the reserved water rights of the United States in the Tongass National Forest, or because Congress intended, at a minimum, to exercise its Commerce Clause powers to regulate the waters in federal reserves such as the Tongass National Forest.

### 1)    Reserved Water Rights.

As to the reserved water rights issue, as set forth above, Plaintiffs have adequately pled the existence of a federal interest in the waters of the Tongass National Forest sufficient to support a reserved water rights claim.  Neither the decision in *Alaska v. Babbitt*, nor the decision in *John v. United States* decided, or even addressed, this specific claim.  Having not been resolved and having been adequately pled, this claim cannot be dismissed in response to Defendants' motion for judgment on the pleadings.

### 2)    Commerce Clause.

The fact that Plaintiffs in this case retain a Commerce Clause argument is ably set forth in Judge Tallman's concurrence in *John v. United States,* 247 F.3d at 1034.  As noted there: "When it passed ANILCA, Congress expressly invoked its power under the Commerce Clause to protect traditional subsistence fishing by rural Alaskans."  Even the three judge panel in *Alaska v. Babbitt* recognized that Congress invoked its

Commerce Clause power when enacting ANILCA: "Congress explicitly invoked its authority under the Commerce Clause to protect and provide the opportunity for continued subsistence uses on the public lands . . . ." 72 F.3d at 70. Plaintiffs have adequately pled that Congress exercised its Commerce Clause powers in ANILCA to provide rural Alaskans a subsistence fishing priority in the Tongass National Forest. Having done so, their Complaint cannot be dismissed on a motion for judgment on the pleadings.

F.    **PLAINTIFFS ADEQUATELY ALLEGED THAT THE FEDERAL SUBSISTENCE BOARD ACTED IMPROPERLY WHEN IT DENIED PLAINTIFFS' REQUESTS FOR SUBSISTENCE FISHING PERMITS**

The Federal Defendants must, under the Congressional mandate contained in ANILCA, exercise jurisdiction over subsistence fishing permits in the Tongass National Forest. Unfortunately, they have spent well over a decade pursing any avenue they can to avoid complying with this Congressional mandate. The averments in Plaintiffs' Complaint adequately set out Plaintiffs' claims in that regard against all the Federal Defendants, including the Federal Subsistence Board. It would be inappropriate under Fed.R.Civ.P. 12(c) to dismiss those claims as inadequately pled at this stage of the litigation.

## III.  CONCLUSION

Defendants' efforts to avoid review of the Federal Defendants' failure to comply with the Congressional mandate in ANILCA as to lands in the Tongass National Forest must be rejected, and Defendants' motion for judgment on the pleadings should be denied.

February 22, 2006.

Respectfully submitted

RANDOLPH H. BARNHOUSE

/s Randolph H. Barnhouse
Luebben Johnson & Barnhouse LLP
211 12th Street NW
Albuquerque, New Mexico  87102
(505) 842-6123
(505) 842-6124 (fax)

Attorneys for Plaintiffs


CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2006, a copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion for Judgment on the Pleadings was served electronically on:

Dean K. Dunsmore
Joanne Grace

and on the following by regular U.S. mail:

Heather Kendall Miller
Native American Rights Fund
420 L Street, Suite 505
Anchorage AK 99501

Gregory L. Fisher
Birch Horton et al.
1127 W. 7th Avenue
Anchorage AK 99507

Steven A. Daugherty
Assistant Attorney General
State of Alaska, Dept. of Law
1031 W. 4th Avenue Suite 200
Anchorage AK 99501

William P. Horn
Birch Horton et al.
1155 Connecticut Ave. NW Ste. 1200
Washington DC 20036

William F. Sherman                    Carol H. Daniel
LexAlaska                             Alaska Federation of Natives
645 G Street Suite 100 #856           1577 C Street Suite 300
Anchorage AK 99501                    Anchorage AK 99501

Robert T. Anderson
UW School of Law
Box 353020
Seattle WA 98195-3020

s/ Randolph H. Barnhouse

Plaintiffs' Opposition to Motion
for Judgment on the Pleadings

EXHIBIT 1

State of Alaska, Plaintiff v. United States of America

No. 128, Original

February 7, 2001

ON BILL OF COMPLAINT

ANSWER TO AMENDED COMPLAINT

14 of 35 DOCUMENTS

STATE OF ALASKA, PLAINTIFF v. UNITED STATES OF AMERICA

No. 128, Original

February 7, 2001

ON BILL OF COMPLAINT.

ANSWER TO AMENDED COMPLAINT

BARBARA D. UNDERWOOD, Acting Solicitor General, Counsel of Record.
JOHN CRUDEN, Deputy Assistant Attorney General.
EDWIN S. KNEEDLER, Deputy Solicitor General.
JEFFREY P. MINEAR, Assistant to the Solicitor General.
GARY B. RANDALL, MICHAEL W. REED, BRUCE M. LANDON, Attorneys, Department of Justice, Washington, D.C. 20530-0001, (202) 514-2217.

View Table of Contents

View Table of Authorities

The United States of America, by its Acting Solicitor General, for its Answer to plaintiff State of Alaska's Amended Complaint to Quiet Title, admits, denies, and alleges as follows:

1. The allegations of paragraph 1 of the Amended Complaint are admitted, subject to the affirmative averment that numerous areas of tide and submerged lands, within the bounds described in paragraph 1 of the Complaint, are retained by the United States for purposes other than inclusion as part of the Tongass National Forest or Glacier Bay National Park and Preserve, and the title to such areas is not at issue in this proceeding.

2. The allegations of paragraph 2 of the Amended Complaint are admitted.

3. The first sentence of paragraph 3 of the Amended Complaint is a legal conclusion for which no response is required. The allegations contained in the second sentence of paragraph 3 are admitted, subject to the affirmative averment that numerous withdrawals, reservations, and other federal appropriations, which may include tide and submerged lands and lie within the boundaries described in paragraph 1, were not the subject of any notice of intent to sue. Title to those areas is not at issue in this litigation.

**Count I: Historic Waters of the Alexander Archipelago**

4. Paragraph 4 of the Amended Complaint is a conclusion of law for which no response is required.

5. The allegations of paragraph 5 of the Amended Complaint are admitted.

6. Paragraph 6 of the Amended Complaint is a conclusion of law for which no response is required.

7. The allegations of the first sentence of paragraph 7 of the Amended Complaint are denied. With respect to the allegations in the second sentence of paragraph 7, the United States admits that Exhibit 1 to Alaska's Amended Complaint presents a general depiction of certain areas at issue here.

8. The allegations of paragraph 8 of the Amended Complaint are denied.

9. The allegations of paragraph 9 of the Amended Complaint are denied.

10. The allegations of paragraph 10 of the Amended Complaint are denied.

11. Paragraph 11 of the Amended Complaint is a conclusion of law for which no response is required.

12. Section 6(m) of the Alaska Statehood Act speaks for itself and no other response to the allegation contained in paragraph 12 of the Amended Complaint is required.

13. Paragraph 13 of the Amended Complaint is a conclusion of law for which no response is required.

14. The allegations contained in the first sentence of paragraph 14 of the Amended Complaint are admitted, except that the United States has insufficient knowledge upon which to form a belief as to the truth of the allegations that the United States drew the closing lines described in that sentence. With respect to the second sentence of paragraph 14, the United States admits only that the areas at issue are generally depicted in Exhibit 1 to Alaska's submission.

15. The allegations of paragraph 15 of the Amended Complaint are denied.

16. The allegations of paragraph 16 of the Amended Complaint are admitted.

17. The allegations of paragraph 17 of the Amended Complaint are admitted.

18. The allegations of paragraph 18 of the Amended Complaint are admitted.

19. The allegations of paragraph 19 of the Amended Complaint are admitted.

20. The allegations of paragraph 20 of the Amended Complaint are denied.

21. The allegations of paragraph 21 of the Amended Complaint are denied. Alaska has no title to the described submerged lands. The United States acknowledges that Alaska's claim of title is adverse to and is clouded by the title of the United States.

22. The allegations of paragraph 22 of the Amended Complaint are denied.

**Count II: The Juridical Bay Status of the Waters of the Alexander Archipelago**

23. The allegations of paragraphs 1-6, 11-13, and 16-19 of the Amended Complaint are responded to as set out above.

24. The allegations of paragraph 24 of the Amended Complaint are admitted.

25. The allegations of paragraph 25 of the Amended Complaint are denied.

26. The allegations of paragraph 26 of the Amended Complaint are denied.

27. The allegations of paragraph 27 of the Amended Complaint are denied.

28. The allegations of paragraph 28 of the Amended Complaint are denied.

29. The allegations of paragraph 29 of the Amended Complaint are denied.

30. With respect to the allegations of paragraph 30 of the Amended Complaint, the United States admits only that in measuring the area of indentation for purposes of applying the semicircle test, certain islands may be treated as part of the water area. The United States denies that the waters referred to are bays and denies the allegations of the final sentence of paragraph 30.

31. With respect to the allegations of paragraph 31 of the Amended Complaint, the United States admits that each of the areas described as a "bay" appears to contain minor water bodies which meet the requirements for inland water status. The United States denies that the entire water areas claimed by the State of Alaska, and depicted on Exhibit 2, are juridical bays. The United States further denies that any overlarge juridical bay exists in the area in dispute so as to justify the construction of 24 mile fall-back closing lines. The United States denies the allegations in the final sentence of paragraph 31.

32. The allegations of paragraph 32 of the Amended Complaint are denied.

33. The allegations of paragraph 33 of the Amended Complaint are denied.

34. The allegations of paragraph 34 of the Amended Complaint are denied.

35. The allegations of paragraph 35 of the Amended Complaint are denied.

36. With respect to the allegations of paragraph 36 of the Amended Complaint, the United States admits that each of the areas described as a "bay" appears to contain minor water bodies which meet the requirements for inland water

status. The United States denies that the entire water area described by the State of Alaska as "South Southeast" is a juridical bay or combination of juridical bays.

37. With respect to the allegations of paragraph 37 of the Amended Complaint, the United States admits that it claims interests in submerged lands on both sides of the lines described in that paragraph. The United States denies that the lines described closed water areas which qualify as juridical bays.

38. The allegations of paragraph 38 of the Amended Complaint are denied.

39. The allegations of the first sentence of paragraph 39 of the Amended Complaint are admitted, except, the United States has insufficient information upon which to base a response to the allegation that the submerged lands extending three miles seaward of the alleged closing line of Cordova Bay are within the outer boundaries of the Tongass National Forest. The allegations of the second sentence of paragraph 39 are denied.

40. The allegations of paragraph 40 of the Amended Complaint are denied. Alaska has no title to the described submerged lands. The United States acknowledges that Alaska's claim of title is adverse to and is clouded by the title of the United States.

41. The allegations of paragraph 41 of the Amended Complaint are denied.

### Count III: The Tongass National Forest

42. The allegations of paragraphs 1-6, 11-13 and 16-19 of the Amended Complaint are responded to as set out above.

43. The allegations of paragraph 43 of the Amended Complaint are denied.

44. The allegations of paragraph 44 of the Amended Complaint are denied.

45. The allegations of paragraph 45 of the Amended Complaint are denied.

46. With respect to paragraph 46 of the Amended Complaint, the United States admits that it claims an interest in the tidelands and submerged lands within the boundaries of the Tongass National Forest and that that interest is disputed by Alaska. The United States denies that Alaska holds title to such lands.

47. The allegations of paragraph 47 of the Amended Complaint are denied.

### Count IV: Glacier Bay National Monument

48. The allegations of paragraphs 1-6 and 11-13 of the Amended Complaint are responded to as set out above.

49. With respect to the allegations of paragraph 49 of the Amended Complaint, the United States admits only that the Antiquities Act was one authority for the withdrawal of Glacier Bay National Monument.

50. The 1925 Executive order speaks for itself and no further response is required.

51. Paragraph 51 of the Amended Complaint is a conclusion of law for which no response is required.

52. With respect to the allegations of paragraph 52 of the Amended Complaint, the United States admits only that one of the purposes of the 1925 creation of Glacier Bay National Monument was to preserve the land left bare by the retreat of tidewater glaciers for study of the development of flora and fauna.

53. The allegations of paragraph 53 of the Amended Complaint are denied.

54. The allegations of paragraph 54 of the Amended Complaint are denied.

55. The allegations of paragraph 55 of the Amended Complaint are admitted.

56. The allegations of paragraph 56 of the Amended Complaint are admitted.

57. With respect to the allegations contained in paragraph 57 of the Amended Complaint, the United States admits only that two of the purposes of the 1939 expansion of Glacier Bay National Monument were to set aside a refuge for brown bears and to preserve the coastal forest.

58. The allegations of paragraph 58 of the Amended Complaint are denied.

59. The allegations of paragraph 59 of the Amended Complaint are denied.

60. The allegations of paragraph 60 of the Amended Complaint are denied.

61. The allegations of paragraph 61 of the Amended Complaint are denied.

62. The allegations of paragraph 62 of the Amended Complaint are denied, except that the United States admits that its title is disputed by Alaska.

63. The allegations of paragraph 63 of the Amended Complaint are denied.

**Prayer For Relief**

WHEREFORE, the United States prays for the following relief:

A. That judgment be entered quieting title of the United States in and to the subject lands and declaring that the State of Alaska has no right, title, or interest in or to said lands and that the State of Alaska be forever barred from asserting any claim whatsoever in the subject lands or any part thereof adverse to the United States.

B. That said judgment enjoin the State of Alaska, its privies, assigns, lessees, and other persons claiming under it from interfering with the rights of the United States in said lands.

C. For such further relief as this Court may deem just and proper.

Respectfully submitted.

BARBARA D. UNDERWOOD, Acting Solicitor General

JOHN CRUDEN, Deputy Assistant Attorney General

EDWIN S. KNEEDLER, Deputy Solicitor General

JEFFREY P. MINEAR, Assistant to the Solicitor General

GARY B. RANDALL, MICHAEL W. REED, BRUCE M. LANDON, Attorneys

FEBRUARY 2001