IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
LINCOLN PERATROVICH, et al.,      )
                                  )
                  Plaintiffs,     )
                                  )
     vs.                          )
                                  )
UNITED STATES OF AMERICA, et al., )    3:92-cv-00734-HRH
                                  )
                  Defendants.     )
_____)
```

O R D E R

Plaintiffs move for leave to file a second amended complaint.[1] This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

Background

Plaintiffs are Lincoln Peratrovich, J.K. Samuel, Shakan Kwaan, and Taanta Kwaan. Each Kwaan plaintiff is a band of Thlingit natives whose ancestral homeland is in southeast Alaska. Defendants are the United States of America, the Secretaries of the Departments of Interior and Agriculture, the chair of the Federal Subsistence Board, and the Federal Subsistence Board ("FSB"). Intervenor is the State of Alaska.

---

[1] Clerk's Docket No. 146.

[2] Clerk's Docket Nos. 151 and 155.

- 1 -

This case arises out of plaintiffs' inability to receive federal subsistence permits to harvest and sell herring roe on kelp for the 1991 and 1992 seasons. The Federal Subsistence Board took no action on plaintiffs' applications for permits for the 1991 season. On March 10, 1992, the FSB informed plaintiffs that "[u]nder the current and proposed Federal Subsistence Regulations, the Board is not exercising jurisdiction over the navigable waters in the area that you request authorization for herring roe harvest."[3] The FSB further advised plaintiffs that the State of Alaska had management over the waters in question and thus the FSB would not "issue any subsistence or customary trade permits for harvest of herring roe on kelp [for the 1992 season.]"[4] Plaintiffs subsequently commenced this action by filing a complaint for injunctive and declaratory relief on December 2, 1992. Plaintiffs' original complaint alleged one cause of action based on plaintiffs' contention that the FSB did have jurisdiction over navigable waters in the Tongass National Forest.

On October 24, 1996, plaintiffs filed an amended complaint, which alleged four "causes of action." In the first cause of action, plaintiffs allege that "ANILCA's federal subsistence fishing priority [applies] on all waters overlying all lands within the boundaries of the Tongass National Forest, whether or not the

---

[3] Letter from Curtis V. McVee, Chair, Federal Subsistence Board to Rudy James and J.K Samuels (dated March 10, 1992) at 1, Exhibit E, Complaint for Injunctive and Declaratory Relief, Clerk's Docket No. 1.

[4] Id.

Forest waters be navigable or non-navigable, and whether or not the Forest lands be fast or submerged."[5]  In the second cause of action, plaintiffs allege that the United States reserved an interest in the lands and waters of the Tongass National Forest.  In the third cause of action, plaintiffs allege that section 6(a) of the Submerged Land Act of 1953, 43 U.S.C. § 1314(a), created an interest in the marine waters within the exterior boundaries of the Tongass National Forest sufficient to make those waters "public lands" for purposes of ANILCA.  In the fourth cause of action, plaintiffs allege Congress intended the ANILCA subsistence priority to extend to all locations, including the marine waters within the exterior boundaries of the Tongass National Forest, within the reach of the commerce clause.  In reality, these "causes of action" are not "causes of action" at all, but merely four different theories on which the court could base a determination that the FSB has jurisdiction over the marine waters within the exterior boundaries of the Tongass National Forest and thus improperly denied plaintiffs' applications for subsistence permits.

On November 17, 1997, the case was stayed, and it remained stayed until October 19, 2005.[6]  The stay was lifted after the

---

[5]   First Amended Complaint for Injunctive and Declaratory Relief at 20, ¶ 29, Clerk's Docket No. 79.

[6]   Clerk's Docket No. 144.  Although the case was stayed, there was some discussion in 1999 between the parties as to whether the instant case should be dismissed without prejudice and a new case filed because the regulations which were the subject of plaintiffs' first amended complaint had been changed by regulations published on January 8, 1999.  This action was not taken however
(continued...)

parties filed a status report in which they reported that plaintiffs "wish to continue with their action and to amend their First Amended Complaint for Injunctive and Declaratory Relief...."[7]  The instant motion to amend followed.

Plaintiffs' proposed second amended complaint makes two changes to their first amended complaint:  1) they cite to the currently operative 1999 regulations, instead of the 1992 regulations which were in effect when they filed their first amended complaint; and 2) they add a fifth cause of action in which they allege that ANILCA expressly provides that the federal subsistence priority applies within the boundaries of all national forests, including the Tongass National Forest.

## Discussion

Motions to amend are governed by Rule 15(a), Federal Rules of Civil Procedure, which provides that "leave shall be freely given when justice so requires."  Factors the court considers in deciding whether leave to amend should be granted include "'bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)).  Each factor is not given equal weight. Bonin, 59 F.3d at 845.   "Futility of amendment

---

[6](...continued)
because of litigation filed in the United States Supreme Court by the State of Alaska that, among other things, raised the issue of ownership of the submerged lands beneath the marine waters of the Tongass National Forest.

[7]   Joint Status Report at 1, Clerk's Docket No. 143.

can, by itself, justify the denial of a motion for leave to amend." Id.

Defendants[8] only challenge the motion for leave to amend on futility grounds. Defendants argue that all five proposed causes of action would be barred by the statute of limitations. Plaintiffs' proposed amended complaint references regulations that were published on January 8, 1999 and which became effective on October 1, 1999. Defendants contend that any claim seeking review of these regulations,[9] which all five causes of action do, must have been brought within the six-year statute of limitations found in 28 U.S.C. § 2401(a). Section 2401(a) provides that "every civil action commenced against the United States shall be barred unless the

---

[8] Intervenor, the State of Alaska, joined in the federal defendants' opposition to plaintiffs' motion to amend. See Clerk's Docket No. 155. For purposes of this order, the federal defendants and intervenor will be referred to collectively as "defendants".

[9] Although both plaintiffs and defendants state that plaintiffs are challenging the 1999 "regulations", plaintiffs' proposed amended complaint only expressly challenges the regulation codified at 50 C.F.R. § 100.3(b)(28) and 36 C.F.R. § 242.3(25), which reads:

> The regulations contained in this part apply on all public lands including all non-navigable waters located on these lands, on all navigable and non-navigable water within the exterior boundaries of the following areas, and on inland waters adjacent to the exterior boundaries of the following areas:
>
>     . . .
>
> Tongass National Forest, including Admiralty Island National Monument and Misty Fjords National Monument, and excluding marine waters[.]

complaint is filed within six years after the right of action first accrues."

Plaintiffs argue that defendants have confused procedural challenges to a regulation with substantive challenges. Plaintiffs assert that they are making substantive challenges to the regulation and that those can be brought more than six years after promulgation.

In the Ninth Circuit, a challenge to a procedural violation in the adoption of a regulation must be brought within six years of the regulation's promulgation. Wind River Mining Corp. v. United States, 946 F.2d 710, 715 (9th Cir. 1991). Policy-based facial challenges to a regulation must also be brought within six years of promulgation. Id. If, however, a challenger contests the substance of an agency decision as exceeding constitutional or statutory authority, the challenger may do so later than six years following the decision by filing a complaint for review of the adverse application of the decision to the particular challenger." Id.

Plaintiffs are clearly not challenging the 1999 regulation on procedural grounds. There are no allegations in the proposed second amended complaint that the Secretaries did not follow the proper procedure in promulgating the regulation. Plaintiffs cannot be making a substantive "as applied" challenge either because the 1999 regulation has never been applied to them. Whereas plaintiffs in 1991 and 1992 sought and were in substance denied permits to harvest and sell herring roe on kelp, there has apparently been no such administrative action under the current regulations. Plaintiffs do not allege the denial of permits to which they might be entitled

under the current regulations. In short, plaintiffs do not allege in their proposed second amended complaint any recent reviewable administrative activity. The court concludes that plaintiffs are making a policy-based facial challenge to the regulation. Plaintiffs' basic contention throughout their proposed amended complaint is simply that the regulation is wrong because the Secretaries, and the FSB by delegation, do have jurisdiction over the marine waters within the exterior boundaries of the Tongass National Forest. That is a policy-based facial challenge, not a contention that the regulation has been unlawfully applied to plaintiffs. Because plaintiffs make only a facial challenge to the 1999 regulation, plaintiffs' proposed claims, all of which are based on the 1999 regulation, would be barred by the statute of limitations and thus amendment would be futile.

## Conclusion

Based on the foregoing, plaintiffs' motion for leave to amend is denied. The court will next take up defendants' motion for judgment on the pleadings. Plaintiffs' opposition to the later motion was filed on February 26, 2006. Defendants may serve and file a reply memorandum within ten days following the entry of this order.

DATED at Anchorage, Alaska, this 27th day of February, 2006.

/s/
H. Russel Holland, Judge
District of Alaska