DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone:(907)271-5452
Facsimile:(907)271-5827
Email: dean.dunsmore@usdoj.gov
Attorney for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LINCOLN PERATROVICH, rural Alaska resident & spokesman for Shakan Kwaan; et al., | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 3:92-cv-0734-HRH<br>) |
| v. | )<br>) REPLY IN SUPPORT OF |
| UNITED STATES OF AMERICA, FEDERAL SUBSISTENCE BOARD, et al., | ) FEDERAL DEFENDANTS'<br>) MOTION FOR JUDGMENT<br>) ON THE PLEADINGS |
| Defendants. | )<br>) |

On November 21, 2005, federal defendants filed an opposition (Docket Entry No. 151) to plaintiffs' motion for leave to file a second amended complaint, and also filed Federal Defendants' Motion for Judgment on the Pleadings (Docket Entry No. 152). Plaintiffs on February 22, 2006, filed an opposition to the motion for judgment on the pleadings. Plaintiffs' Reply to Federal Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket Entry No. 167). On February 28, 2006, the court denied plaintiffs' motion for leave to further amend their complaint. Order (Docket Entry No. 170).

The motion for judgment on the pleadings (Docket Entry No. 152) is essentially an alternative motion. It seeks dismissal of the claims set forth in plaintiffs' First Amended Complaint For Injunctive and Declaratory Relief (16 U.S.C. § 3117; 5 U.S.C. §§ 701 *et seq.*)(Docket Entry No. 79)[hereinafter referred to as First Amended Complaint]. If leave had been granted for plaintiffs to amend their complaint, their First Amended Complaint would have been superseded by the new complaint, and federal defendants' motion (Docket Entry No. 152) would have been rendered moot.

However, as plaintiffs have not been granted leave to further amend their complaint, their First Amended Complaint remains plaintiffs' controlling pleading in this action. That complaint must now be dismissed as moot or for failure to state a claim upon which relief can be granted, and this action concluded.

Plaintiffs seek to obtain federal subsistence permits to take herring roe on kelp within marine waters of the Tongass National Forest. Order (Docket Entry No. 170) at 2-3. Plaintiffs contend that these waters are public lands for purposes of the priority set forth in the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. §§ 3113-3114.

Plaintiffs initially brought suit to obtain a determination that the Federal Subsistence Board "improperly disclaimed federal jurisdiction over navigable waters within Tongass National Forest." Order Motion for Judgment on the Pleadings (Docket Entry No. 77)

filed July 26, 1996, at 2. The court held that this complaint failed to state a cause of action because the Federal Subsistence Board's jurisdiction was defined and limited by regulations issued jointly by the Secretaries of the Interior and Agriculture.[1]/ *Id.* at 2-3. Therefore, plaintiffs' action was dismissed without prejudice, and plaintiffs were granted leave to amend their complaint to seek review of the regulations, but not of the actions of the Board. *Id.* at 3-5. The Court, however, suggested that plaintiffs consider deferring the filing of an amended complaint until the Secretaries had considered how to implement the decision and remand in *State of Alaska v. Babbitt*, 72 F.3d 698, 704 (9th Cir. 1995), *cert. denied*, 517 U.S. 1187 (1996), *adhered to en banc following remand sub nom.*, *John v. United States*, 247 F.3d 1032 (9th Cir. 2001). *Id.* at 4-5. Plaintiffs elected not to wait, but instead filed their First Amended Complaint.

ARGUMENT

I. PROCEEDINGS ON A MOTION FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings is authorized after the pleadings are closed. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Pleadings are closed in this case.

---

[1]/     This decision is also applicable to the argument in Plaintiffs' Reply to Federal Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket Entry No. 167) at 20, that plaintiffs have adequately pleaded an action that seeks review of the Federal Subsistence Board's actions on the permit applications.

For purposes of a motion for judgment on the pleadings, all allegations of fact in the pleadings of the opposing party (in this instance, the plaintiffs) are accepted as true. *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967). All facts presented in the pleadings and inferences therefrom are also to be drawn in the light most favorable to the non-moving party. *Norman v. General Motors Corp.*, 628 F. Supp. 702, 703 (D. Nev. 1986). Judgment is to be rendered only if the moving party is entitled to judgment as a matter of law. *Austad v. United States*, 386 F.2d at 149; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Defendants have duly assumed the truth of plaintiffs' allegations, and have shown only that even if these facts are true, plaintiffs' claims must fail as a matter of law.

Plaintiffs have raised the issue of whether defendants' motion should be treated as a motion for summary judgment because it relied in part on an attached pleading and motion in *State of Alaska v. United States*, S.Ct. No. 128, Original. Plaintiffs' Reply to Federal Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket Entry No. 167) at 3 n. 2. The court should apply the same standard on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as are applied in a Rule 12(b)(6) motion to dismiss. *Ludahl v. Seaview Boat Yard, Inc.*, 869 F. Supp. 825, 826 (W.D. WA. 1994). Facts that are subject to judicial notice and matters of public record may be considered

without converting a motion to dismiss into a motion for summary judgment. *Mullis v. United States Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

## II. PLAINTIFFS' ACTION IS MOOT

Plaintiffs continue to include in their First Amended Complaint allegations regarding the Federal Subsistence Board's consideration and ultimate denial in 1991-1992 of permits for the taking of herring roe on kelp. First Amended Complaint, ¶¶ 13(b)-(h) at 7-11. These applications were denied by the Board on March 10, 1992. *Id.* ¶¶ 13(g)-(i) at 11-12. These actions were taken by the Board under the Temporary Federal Subsistence Management Regulations promulgated on June 29, 1990, 55 Federal Register 27114, 27115. *Id*. ¶¶ 13(i)-(j) at 12. The 1990 regulations did not generally include navigable water as public lands for purposes of the federal subsistence use priority.

Further, by the time this action was commenced, the temporary regulations had been replaced by the permanent regulations promulgated on May 29, 1992, and made effective July 1, 1992, 57 Federal Register 22940. *Id*. ¶ 13(j). Therefore, plaintiffs could not have challenged the 1990 regulations in this action. *Alaska Constitutional Legal Defense Conservation Fund, Inc. et al. v. Gale Norton et al.*, No. A00-0167-CV(HRH)(D. Alaska), Order Motion for Partial Judgment on the Pleadings filed Oct. 23, 2003, (copy

attached as Exhibit 1 hereto) at 13-16. Any claim regarding those regulations and implementation thereof was moot before this action was even commenced. *Id*.

As already shown above, plaintiffs did not initially seek judicial review of the 1992 regulations. Order Motion for Judgment on the Pleadings (Docket Entry No. 77) at 2-3. It was not until the filing of the First Amended Complaint that plaintiffs specifically sought review of any regulations, and that was of the regulations promulgated on May 29, 1992.

Like the 1990 temporary regulations, the 1992 regulations did not generally include any navigable waters within the definition of public lands subject to the ANILCA Title VIII priority. Pursuant to § ____.3(b) of those regulations, all non-navigable waters located on federal public lands in Alaska and "all waters" (which included navigable waters) within certain described areas (that did not include the marine waters of the Tongass National Forest) were determined to be public lands for purposes of 16 U.S.C. §§ 3113-3114. *Id*. at 22951.

The failure to include navigable waters as public lands was the subject of the *Katie John* litigation, in which plaintiffs participated. That litigation led to the decision and remand in *State of Alaska v. Babbitt*, 72 F.3d 698, 704 (9th Cir. 1995). Following that decision and in implementation thereof, the waters, including navigable waters, defined as public lands have been the

subject of two rule makings. The first was the promulgation of a new rule making in which § \_\_\_\_.3(b) of the 1992 regulations was completely replaced and supplanted by a entirely new § \_\_\_\_.3(b) promulgated on January 8, 1999, made effective October 1, 1999. 64 Federal Register 1276, 1286-87. The 1999 regulations included as public lands all non-navigable waters on federal public lands and all non-navigable and navigable waters within or adjacent to 34 identified areas. *Id*. These did not generally include any marine waters within the Tongass National Forest.

Then on December 4, 2004, a notice was published proposing to amend § \_\_\_.3(b) as promulgated in 1999. 69 Federal Register 70940, 70943-44. A final rule making was subsequently published on December 27, 2005. 70 Federal Register 76400. This final rule replaced the prior regulation, § \_\_\_\_3(b). 70 Federal Register at 76407-08. The December 2005 rule making defines the waters, both navigable and non-navigable, to which the federal subsistence priority applies in a new § \_\_\_\_.3(b) and § \_\_\_\_.3(c). *Id*.

There is no dispute that the 1992, 1999, and now the 2005 regulations did not include the marine waters within the exterior boundaries of the Tongass National Forest as waters specifically deemed public lands for purposes of the federal implementation of the ANILCA 16 U.S.C. §§ 3113-3114 priority. Plaintiffs contend that since this non-inclusion has continued from 1992 to date, their action for judicial review of the 1992 regulations has not been

rendered moot. In support of this contention, plaintiffs refer to decisions involving amendments to regulations that continued substantially and even expanded earlier requirements. *E.g. Panama Refining Co. v. Amazon Petroleum Corp.*, 293 U.S. 388, 245 (1935); *Rembert v. Sheahan*, 62 F.3d 937, 941 (7th Cir. 1995). These authorities are not, however, controlling.

First, in this instance the 1999 regulations did not merely amend, but replaced the 1992 regulations. Further, this replacement was the result of litigation in which plaintiffs participated, was completed in conformance with a judicial remand in that litigation, and followed public notice and an opportunity for plaintiffs to participate and comment.

Further, the court now lacks the ability to fashion effective relief in any challenge by the plaintiffs to the 1992 regulations. As the Court of Appeals recognizes, "[m]ootness is 'the doctrine of standing set in a time frame....'" *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994). A controversy remains live only so long as effective relief can still be provided. *Forest Guardians v. U.S. Forest Service*, 329 F.3d 1089, 1094 (9th Cir. 2003). Any determination now of the validity of the 1992 regulations could not lead to any effective relief. Those regulations no longer exist and cannot be revived by the court. Any applications for permits for the taking of herring roe on kelp under those regulations could no longer be considered by the

Federal Subsistence Board.[2]/ The Board's authority no longer lies under the 1992 regulations, but under the December 2005 regulations.

Any review now of the 1992 regulations is also faced with substantial limitations. The scope of judicial review of the Department's action is governed by the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706. *Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1193 (9th Cir. 2000). Review under the APA is confined to the administrative record before the agency. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985); *Citizens to Preserve Overton Park,* 401 U.S. at 419-20; *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Friends of the Earth v. Hintz*, 800 F.2d 822, 828-29 (9th Cir. 1986). A review of the 1992 regulations would not, however, include a consideration of the applicable administrative record for either the 1999 or 2005 final rule makings.

The decisions of agencies are also to be reviewed and upheld on the basis of the reasons articulated by the agency. *Motor Vehicle Manufactures Assoc. v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 50 (1983); *Pacific Coast Federation of Fishermen's Assoc. v. United States Bureau of Reclamation*, 426 F.3d

---

[2]/ Plaintiffs do not plead in the First Amended Complaint that they have made any applications for permits under any regulations other than the 1990 temporary regulations.

1082, 1091 (9th Cir. 2005); *Benno v. Shalala*, 30 F.3d 1057, 1073-74 (9th Cir. 1994). The reasons and basis for the agencies' determinations of which navigable waters are public lands are set forth in the preamble to the 1999 and 2005 final rule makings, not in the preamble to the 1992 regulations. Therefore, the records and reasons for the determinations of the waters that are public lands are not those set forth in the 1992 regulations that are the subject of the First Amended Complaint.

Even if plaintiffs' action as stated in the First Amended Complaint were not moot, for the reasons already set forth in Federal Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint and Memorandum in Support of Motion for Judgment on the Pleadings (Docket Entry No. 151) filed November 21, 2005, and for the reasons set forth herein, each of plaintiffs' denominated causes of action must be dismissed for failure to state a claim upon which relief can be granted.[3]/

### III. THE FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs' First Cause of Action alleges that the United States owns, by reason of reservations prior to Alaska statehood, all of the submerged lands beneath the waters within the boundaries of the Tongass National Forest. First Amended Complaint, ¶¶ 14-

---

[3]/   The Order (Docket Entry No. 170) at 3, recognizes that these are not separate causes of action, but only different theories on which plaintiffs allege the court can grant relief.

52.[4]/ These allegations were made prior to the filing and ultimate decision in *State of Alaska v. United States,* 125 S. Ct. 2137, 2161 (2005). As already shown in Federal Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint and Memorandum in Support of Motion for Judgment on the Pleadings (Docket Entry No. 151), at 11-12, and in the Notice of the United States of Supplemental Authority (Docket Entry No. 166) filed January 30, 2006, the Supreme Court confirmed a disclaimer by the United States to ownership generally of the submerged lands beneath the marine waters of the Tongass National Forest.

Plaintiffs do not dispute that the submerged lands beneath the marine waters of the Tongass are owned either by the United States or the State of Alaska. Plaintiffs also do not dispute that the effect of the approval by the Supreme Court of the disclaimer, except for the reservations to that disclaimer,[5]/ is to eliminate any dispute between the United States and the State of Alaska as to who owns those lands, and that there no longer is any dispute between the United States and the State as to the ownership of this land.

However, in order for plaintiffs to prevail in their First

---

[4]/   The allegations of paragraphs 30 through 53 are actually directed to the applications to the Federal Subsistence Board for permits under the 1990 temporary regulations already discussed at 2-3, *supra*.

[5]/   The effect of these reservations on plaintiffs' action will be discussed below.

Cause of Action, this court must (1) find that the United States not the State owns the lands at issue, and (2) then enter an order requiring the United States to claim the very ownership it disclaimed and which disclaimer the Supreme Court confirmed. Plaintiffs fail to show that this court has any authority to take such action.

Plaintiffs contend that all the approval of the disclaimer did was to deprive the Supreme Court of jurisdiction to determine who owned these lands. It is correct that once a disclaimer is confirmed, that the court approving the disclaimer loses jurisdiction. 28 U.S.C. § 2409a(e). However, up to the point of confirmance, a court has jurisdiction. Further, the courts are clearly given authority in 28 U.S.C. § 2409a(e) to confirm disclaimers. Therefore, the courts implicitly have jurisdiction not to confirm a disclaimer by the United States.

Congress specifically added the requirement for the approval of disclaimers to the proposed Quiet Title Act. H.R. Rep. No. 92-1559, 92nd Cong, 2nd Sess. *reprinted in* 1972 U.S. Code Cong & Admin News at 4550:

> The difference in subsection (d), which concerns disclaimers by the United States of interests in land, is the addition of language which requires that a disclaimer must be confirmed by order of court.

The legislative history does not include a statement as to why it was determined to add this language. However, in hearings on the

proposed bill a problem was identified by a spokesman for the title insurance and land title industry about the need for some judicial involvement with respect to disclaimers of interest made on behalf of the United States. *See Hearing on S.216, S.579, S.721, before the Subcommittee of Public Lands of the Committee of Interior and Insular Affairs*, United States Senate, 92nd Cong. 1st Sess. 55-57 (Sept. 30, 1972) excerpts attached as Exhibit 2 hereto.

Statutes are to be read so as to give meaning to all provisions, and so that no provision is rendered meaningless, insignificant or superfluous. *Dawson v. City of Seattle*, 435 F.3d 1054, 1063 (9th Cir. 2006); *Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1071-72 (9th Cir. 2005). Yet that is just what plaintiffs propose the court do, for their argument would render the exercise by the Supreme Court of its duty under 28 U.S.C. § 2409a(e) a meaningless act.

Further, the purpose of the Quiet Title Act is clearly to provide a mechanism through which clouds on title and resulting conflicts with the United States can be resolved. It is appropriate for the court to construe this statute in a manner that accomplishes its intended purpose. *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1193 (9th Cir. 1999). Plaintiffs seek to have the court act contrary to this purpose.

Plaintiffs contend that the Supreme Court confirmed disclaimer in *State of Alaska v. United States* does not operate to convey

these lands to the State. Plaintiffs rely on the principle that only Congress can authorize and define the terms under which the Executive can convey property, and that it has allegedly not authorized the Executive to convey title to the submerged lands of the Tongass National Forest to the State of Alaska. Conveyance, however, is not the issue. The filing of a disclaimer is not conveyance, but a statement that the United States no longer claims to hold an interest.

Disclaimers of interest are clearly authorized. The Attorney General may, in the course of conducting litigation against the United States, remove issues from that litigation including the issue of whether the United States has an argument that the United States holds an interest in property. *See Utah v. United States*, 394 U.S. 89, 94-95 (1969). Here, the disclaimer provision of 28 U.S.C. § 2409a(e) explicitly recognizes and provides for the exercise of that authority in a quiet title action.

There are exceptions in the confirmed disclaimer. Plaintiffs rely on these exceptions and contend that they are applicable to plaintiffs' action. That, however, ignores the claim actually pleaded by plaintiffs. Their claim is that title to all of the submerged lands beneath the navigable marine waters of the Tongass National Forest were reserved by and remain in the United States. That broad claim is encompassed by the disclaimer. Plaintiffs' claim is not that there are specific, submerged lands within the

Tongass National Forest that were reserved.

Both the 1999 and 2005 regulations recognized that there may be additional reserved submerged lands that would make their overlying waters public lands; therefore, the public lands determinations were explicitly made subject to change. 64 Federal Register 1287 [§ ___.3(c)]; 70 Federal Register 76408 [§ __.3(e)]. Any claim by plaintiffs that waters subject to any of the exceptions to the disclaimer in *State of Alaska v. United States* should be deemed to be public lands may be presented to the Federal Subsistence Board for its consideration and recommendation regarding "inclusion of those interests within the Federal Subsistence Management Program." 36 C.F.R. § 242.10(d)(4)(xviii); 50 C.F.R. § 100.10(d)(4)(xviii).

### IV. THE SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's Second Cause of Action is captioned "Reserved Water Rights." First Amended Complaint at 40. The allegations of that claim do not specifically mention reserved water rights. *Id*. ¶ 61 at 40. Instead, these allegations broadly allege that the reservation of the Tongass National Forest by President Theodore Roosevelt "reserved the lands and waters within the boundaries" of the Forest. *Id*.

To the extent that the Second Cause of Action alleges that the United States reserved and retained title to all marine submerged lands within the Tongass National Forest, that claim must fail for

the reasons stated in part III above.

To the extent that the Second Cause of Action alleges that the United States holds the waters or water rights in the marine waters of the Tongass National Forest, plaintiff's claim must also fail. That claim has been overtaken by the *Katie John* litigation. In that litigation the Court of Appeals affirmed the Government's position that waters in which the United States held a reserved water right were public lands, and remanded for the agencies to determine those waters. *State of Alaska v. Babbitt*, 72 F.3d 698, 703-04 (9th Cir. 1995), cert. denied, 517 U.S. 1187 (1996), *adhered to en banc following remand sub nom.*, *John v. United States*, 247 F.3d 1032 (9th Cir. 2001). Those determinations were made in the January 8, 1999 rule making. 64 Federal Register 1276.

Plaintiffs' Second Cause of Action has thus been rendered moot to the extent that this claim is intended to allege that waters in which the United States holds a reserved water right are public lands for purposes of Title VIII of ANILCA. To the extent that plaintiffs' claim is that defendants erred in failing to find that the United States held reserved water rights in the marine waters within the boundaries of the Tongass National Forest, that is a facial challenge to the January 8, 1999 rule making. The court has already held that such an action by plaintiffs is barred by statute of limitations. Order (Docket Entry No. 170).

V. THE THIRD AND FOURTH CAUSES OF ACTION FAIL
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs' Third Cause of Action alleges that section 6(a) of the Submerged Lands Act of May 2, 1953, ch. 65, 67 Stat. 29, 32, 43 U.S.C. § 1314(a), created an interest in the marine waters within the exterior boundaries of the Tongass National Forest sufficient to make those waters public lands for purposes of 16 U.S.C. §§ 3113-3114. First Amended Complaint ¶ 62 at 41. The Fourth Cause of Action alleges that Congress intended the Federal subsistence priority created by 16 U.S.C. §§ 3113-3114 to extend to all locations within the reach of the Commerce Clause of the Constitution, including the marine waters within the exterior boundaries of the Tongass National Forest. *Id.* ¶ 63 at 41-42.

Defendants have shown that the basis for each of these causes of actions was addressed and rejected in *State of Alaska v. Babbitt*, 72 F.3d 698, 702-04 (9th Cir. 1995), cert. denied, 517 U.S. 1187 (1996), *adhered to en banc following remand sub nom.*, *John v. United States*, 247 F.3d 1032 (9th Cir. 2001). Federal Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint and Memorandum in Support of Motion for Judgment on the Pleadings (Docket Entry No. 151) at 13-15.

Plaintiffs apparently contend that this decision is not binding on them. Plaintiffs' Response in Opposition to Defendants' Opposition to Plaintiffs' Motion for Judgment on the Pleadings (Docket Entry No. 167) at 19: "Specifically, no court has ever

decided whether ANILCA requires subsistence fishing priority under Federal law for Plaintiffs here,...." This action was, however, jointly managed with the *Katie John* litigation, and plaintiffs participated in that litigation. *State of Alaska v. Babbitt*, 72 F.3d at 701 at n. 4, 702. The decision in the *Katie John* case was to be binding on all of the jointly managed cases. *Native Village of Quinhagak v. United States*, 307 F.3d 1075, 1079 (9th Cir. 2002). But even if it were not technically binding, it is *stare decisis*, and requires the court to find that plaintiffs' third and fourth causes of action fail to state a claim upon which relief can be granted.

Plaintiffs also incorrectly contend that the decision in *State of Alaska v. Babbitt* left open the possibility that some specific waters could still be found to be public lands by virtue of the navigational servitude and the Commerce Clause powers. Plaintiffs' contention is simply not supported by the language of that decision. In any event, the claims as pleaded in plaintiffs' First Amended Complaint are not that specific, identified waters are public lands by virtue of either or both the Commerce Clause power or the navigational servitude. Instead, plaintiffs' contention is that all navigable waters within the boundaries of the Tongass National Forest should be found to be public lands because of the Commerce Clause power and the navigational servitude. That contention was clearly rejected in *State of Alaska v. Babbitt*.

CONCLUSION

For the foregoing reasons and for the reasons already stated in Federal Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint and Memorandum in Support of Motion for Judgment on the Pleadings (Docket Entry No. 151), a motion for judgment on the pleadings should be granted dismissing this action in its entirety.

DATED this 14th day of March 2006.

/s/ Dean K. Dunsmore
DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone:(907)271-5452
Facsimile: (907)271-5827
Email: dean.dunsmore@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of March 2006, a copy of the foregoing was served electronically to:

Randolph H. Barnhouse
Heather R. Kendall-Miller
Will Sherman
Robert T. Anderson
William F. Sherman

and by United States mail, first class, postage paid, to the following:

William P. Horn
Gregory L. Fisher
Scott J. Nordstrand
Carol H. Daniel

/s/ Dean K. Dunsmore

FED'S DEFS' REPLY SUPPORT
OF MOTION JUD'T ON PLEADINGS                    -19-