# IN THE SUPREME COURT OF THE UNITED STATES

---

No. 128, Original

STATE OF ALASKA,

*Plaintiff*

*v.*

UNITED STATES OF AMERICA,

*Defendant*

---

Before the Special Master
Gregory E. Maggs

---

MEMORANDUM FOR THE UNITED STATES IN RESPONSE
TO ALASKA'S MOTION FOR SUMMARY JUDGMENT ON
COUNT III OF THE AMENDED COMPLAINT

---

Theodore B. Olson
*Solicitor General*

Edwin S. Kneedler
*Deputy Solicitor General*

Jeffrey P. Minear
*Assistant to the Solicitor General*

Gary B. Randall
Bruce M. Landon
Michael W. Reed
*Trial Attorneys*

United States Department of Justice
Washington, D.C. 20530-0001
(202) 514-2217

TABLE OF CONTENTS

Page

INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

DISCUSSION:

I.    The United States Has Concluded That Congress Did Not Intend
      To Retain Title To All Submerged Lands Within The Exterior
      Boundaries Of The Tongass National Forest Merely Beacause Those
      Lands Are Within The Forest Boundaries Set Out In The 1902,
      1907 And 1909 Presidential Proclamations  . . . . . . . . . . . . . . . . . . . . . -4-

II.   The Conclusion That Congress Did Not Clearly Intend To Retain
      Title To Submerged Lansa Merely Because They Are Within The
      Boundaries Of The Tongass National Forest Does Not Entitle
      Alaska To Summary Judgment Quieting Title To All Submerged
      Lands Within Those Boundaries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

III.  The Special Master Should Postpone Action On Alaska's Motion
      For Summary Judgment On Count III To Allow The Parties To
      Develop A Stipulation For The Master's Review That Would
      Allow Formulation Of A Consent Decree Resolving The Precise
      Extent Of Alaska's Title  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

i

EXH 1

2 of 15

TABLE OF AUTHORITIES

FEDERAL CASES

*Hynes v. Grimes Packing Company*, 337 U.S. 86 (1949) ................................ 5

*United States v. Alaska*, 521 U.S. 1 (1997) ................................ 4, 7, 9

*Peratrovich v. United States*, No. A92-734 (D. Alaska)) ................................ 2

FEDERAL STATUTES

Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. 3111 *et seq* ................................................................................ 2

Alaska Statehood Act, note prec. 48 U.S.C. § 21 ................................ 9

Submerged Lands Act, 43 U.S.C. 1301 *et seq* ................................ 1, 6, 8, 10

16 U.S.C. 471 (repealed 1976) ................................ 5

16 U.S.C. 475 ................................ 5

28 U.S.C. 2409a(m) ................................ 7, 10

EXH 1
3 of 15

## INTRODUCTION

The State of Alaska brought this original action to quiet title to marine submerged lands in the vicinity of the Alexander Archipelago. The Special Master's Report on Intervention describes the nature and scope of the four counts of Alaska's amended complaint. *See* Report of Special Master on the Motion to Intervene 1-3 (Nov. 2001) (*Intervention Report*). In Count III, Alaska seeks to quiet title to marine submerged lands within the boundaries of the Tongass National Forest, as they existed on the date of Alaska's statehood, on the theory that those submerged lands passed to the State under the equal footing doctrine and the Submerged Lands Act, 43 U.S.C. 1301 *et seq.*[1]

Alaska has moved for summary judgment on Count III. *See* Alaska's Motions for Summary Judgment – Introduction and Background (AK Intro. Memo.). Alaska argues that the 1902, 1907, and 1909 presidential proclamations establishing the Tongass National Forest did not reserve the marine submerged lands within the reservation boundaries, even though those boundaries extend beyond the low water mark of the forest uplands. *See* Memo. in Supp. of Alaska's Motion for Summary Judgment on Count III (AK Count III. Memo. 16-34). Alaska also urges that "the background of the 1958 Alaska Statehood Act demonstrates that Congress intended the lands underlying marine waters in the Tongass to pass to Alaska at Statehood." *Id.* at 42-49. Alaska accordingly seeks a ruling from the Master that Alaska's grant of submerged lands under the equal footing doctrine and the Submerged Lands Act "was not defeated by the reservation of the Tongass National Forest." AK Intro.Memo. 14.

---

[1] The parties previously agreed that Count III would be limited to the reservation of the Tongass National Forest and would not include reservations or ownership for other purposes that are located in the same area, but are not under the administration of the Department of Agriculture's Forest Service. *See* Brief for the United States on Motion for Leave to File a Bill of Complaint. 17-20.

1

The United States has not moved for summary judgment on Count III. To the contrary, it has entertained significant questions, predating this litigation, respecting federal ownership of marine submerged lands within the Tongass National Forest. As the Master recounted in the *Intervention Report*, the United States has been involved in litigation in federal district court with certain Alaska Natives respecting their subsistence rights under the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. 3111 *et seq. See Intervention Report* 6-10 (discussing *Peratrovich v. United States*, No. A92-734 (D. Alaska)). The issue whether the United States owns marine submerged lands within the Tongass has arisen in that litigation, and the United States has expressed doubts therein over whether Congress had intended to retain the lands at issue in that case at the time of Alaska's statehood. *See id.* at 8-10. The United States recognized that the State of Alaska, which was not a party in the *Peratrovich* litigation, had a non-frivolous claim of title to those lands. *Id.* at 9. The United States accordingly opposed entry of a preliminary injunction and "asked the district court to dismiss the *Peratrovitch* case for failure to join an indispensable party, namely, Alaska." *Ibid.* [2]

While the *Peratrovich* litigation was pending, the State of Alaska filed this original action, claiming ownership of marine submerged lands in the Tongass National Forest. The United States acquiesced in the original action, in part, because it provided a suitable forum for resolving that inter-sovereign dispute. In accordance with its obligation to investigate, identify, and defend the United States' claims of title, the United States filed an answer disputing Alaska's claim. The district

---

[2] As the Master recognized, "the United States argued that the plaintiffs had not shown that the United States had title to the marine submerged lands in the Tongass National Forest area" but "never actually admitted that Alaska has title to the submerged lands." *Intervention Report* 10. In the view of the United States, it could not enter into a binding admission respecting millions of acres of submerged lands within the Tongass National Forest without first discovering, researching, and analyzing Alaska's specific claims.

court accordingly stayed proceedings in *Peratrovich*. The United States has proceeded to conduct discovery and analyze the issue. With the filing of Alaska's motion for summary judgment, the United States now has the benefit of Alaska's full articulation of the basis for its claim.

Upon analysis of the materials that are now available, the United States has determined that there is considerable merit to Alaska's claim respecting the Tongass National Forest. The United States agrees that Congress did not make clear its intent to retain all of the submerged lands within the Tongass National Forest at the time of Alaska's statehood. Congress's actions with respect to the Tongass National Forest are in sharp contrast to its actions with respect to other federal reservations, such as Glacier Bay National Monument. As a result, it is the position of the United States that the State of Alaska does have a valid claim to the majority of the disputed marine submerged lands within the Tongass National Forest. The United States has also concluded, however, that Congress retained title to numerous discrete parcels of marine submerged lands within the boundaries of the Tongass based on government actions apart from the 1902, 1907, and 1909 presidential proclamations that created the forest reserve. Alaska's amended complaint does not address lands reserved or otherwise set aside through those other governmental actions. Indeed, many of those tracts have not been identified, and they may not in fact give rise to a current case or controversy that could, or should, be resolved in this proceeding.

The United States accordingly proposes that the Master postpone resolution of Alaska's motion for summary judgment on Count III pending discussions between the United States and Alaska aimed at developing a stipulation identifying those marine submerged lands to which Alaska possesses title. The United States' acknowledgment that Congress did not clearly intend to retain title to all submerged lands within the Tongass National Forest merely because those lands are within

3

the proclaimed forest boundaries eliminates the only legal issue that Alaska briefed in its summary judgment papers. The United States and Alaska should therefore direct their energies toward developing a stipulation for the Master's review that would resolve, to the extent possible, the precise extent of Alaska's title.

## DISCUSSION

I.    **The United States Has Concluded That Congress Did Not Intend To Retain Title To All Submerged Lands Within The Exterior Boundaries Of The Tongass National Forest Merely Because Those Lands Are Within The Forest Boundaries Set Out In The 1902, 1907, And 1909 Presidential Proclamations**

As the United States explained in its memorandum in support of its motion for summary judgment on Count IV of Alaska's amended complaint, the United States can retain title to submerged lands by reserving those submerged lands prior to statehood with the intent of preventing passage of title to the State. *See* U.S. Count IV Memo. 2, 4-6. *See, e.g., United States v. Alaska,* 521 U.S. 1 (1997). Whether the United States intended to reserve submerged lands as well as uplands and whether Congress intended to prevent passage of title are "ultimately a matter of federal intent." 521 U.S. at 36. The Court identified two controlling principles that are directly applicable to Alaska's claim here. First, a reservation order will be deemed to reserve submerged lands when it "necessarily embrace[s] certain submerged lands," or where the purpose of the reservation would be undermined if it did not include the submerged lands. *Id.* at 39. Second, Congress manifested its intent, at the time of Alaska's statehood, to retain federal ownership of certain categories of submerged lands that are critically important to federal activities. *Id.* at 41-43, 55-57.

In the case of the Tongass National Forest, the United States would dispute Alaska's contentions (AK Count III Memo. 24-34) that the 1902, 1907, and 1909 presidential proclamations

4