

1. Makhnati Island





# United States Department of the Interior

OFFICE OF THE SOLICITOR
Alaska Region
4230 University Drive, Suite 300
Anchorage, Alaska 99508-4626
Tel: (907)271-4131  Fax: (907)271-4143

April 26, 2006

FWS.AK.1874

TO: Mitch Dementieff, Chair
Federal Subsistence Board

FROM: Regina L. Sleater
Attorney

SUBJECT: Identification of Marine Waters Subject to Federal Subsistence Management as Requested by SE Alaska Regional Advisory Council

The Southeast Alaska Regional Advisory Council has requested a specific response to whether there are currently marine submerged lands in nine specified areas that are in federal ownership. These withdrawals were reviewed at the time this office reviewed the Makhnati Island withdrawal and it was our conclusion that the withdrawals themselves did not include marine submerged lands. For purposes of this opinion, marine submerged lands is defined as those lands under tidally influenced waters which are located seaward of the coast line (including seaward of the line between headlands closing river mouths). In order to provide closure on this issue the following specific analysis is provided.

- Executive Order 8877 withdrew, *inter alia*," Long Island and small islands and rocks," "Cape Buronof and the small islands and rocks," "Peisar Island and the small islands and rocks," and "Legma Island and the small islands and rocks adjacent thereto." These withdrawals included only upland features, *i.e.*, islands and rocks, and not marine submerged land.

- The Hazy Island Reservation in Executive Order 153 withdrew a "group of islets" located within an area delineated by a dotted line on a map and not the marine submerged lands within the area encompassed by the dotted line.

- Executive Order 152 withdrew Forester Island, Lowrie Island, Wolf Rock and adjacent rocks within areas specified by dotted lines and did not include marine submerged lands.

ATTACHMENT B

- Beaver Point, Kruzof Island area was withdrawn by metes and bounds description in Executive Order 8877. The description describes land on the island and not marine submerged land.*

- Executive Order 8877 withdrew land at Cape Edgecombe-Sitka Point, Kruzof Island area and Shoals Point area. Both of these withdrawals describe the withdrawals by metes and bounds descriptions. The official mapping of these descriptions by the Bureau of Land Management describes only uplands as being within these areas.*

cc: Tim Obst, USDA/GC
Tom Boyd, FWS/Reg.7

---

*The descriptions use as a boundary the "mean high tide line" and often the distinction between retained federal uplands and State ownership of marine submerged lands on the Pacific Ocean is described as the line of high high tide. For purposes of this opinion, this discrepancy is being disregarded.



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Alaska Region
4230 University Drive, Suite 300
Anchorage, Alaska 99508-4626
Tel: (907)271-4131  Fax: (907)271-4143

November 9, 2005

FWS.AK.1874

TO:    Mitch Dementief, chair
       Federal Subsistence Board
       c/o Thomas H. Boyd
       Assistant Regional Director
       Office of Subsistence Management

FROM:  Regina L. Sleater
       Attorney

SUBJECT: Federally Owned Submerged Lands in Southeast Alaska


This is in response to your April 25, 2005 request for legal review of the ten withdrawals set forth therein, based on a request from the Southeast Regional Advisory Board to determine which, if any, of the withdrawals encompass marine submerged lands which are currently owned by the federal government and hence should be subject to subsistence regulation under Title VIII of the Alaska National Interest Lands Conservation Act (ANILCA). On July 27, 2005 we received the requested background information from the Bureau of Land Management (BLM) and, as a result, are able to now answer your question as to whether "there presently exists a Federal interest, either because of ownership of submerged lands and waters or because of Federal reserved water rights in waters" in ten listed areas.

Marine submerged lands is defined as that land seaward of the ordinary high tide line. Of the withdrawals set forth in your request which were in effect after the date of statehood (January 3, 1959), only one encompassed substantial areas of marine submerged land. The Makhnati Island area withdrawal in Executive Order 8877 encompassed a substantial area of submerged land located between certain specified islands and included certain lands which were filled. This withdrawal was not removed until after statehood (February 6, 1963), so the submerged land did not transfer to the State at statehood under the Equal Footing Doctrine. See *Alaska v. United States and Arctic Slope Regional Corp.*, 213 F.3d 1092 (9th Circuit 2000) (Kukpowruk River). The State of Alaska did select lands on the adjacent islands as part of its Statehood Act entitlement but when the BLM attempted to convey the submerged lands that had been filled to the State, Alaska objected, so that today none of the marine submerged land encompassed by the withdrawal is in State ownership. Since this land is not included in any other withdrawal, reservation or administrative set-aside, the marine submerged

ATTACHMENT  C

lands including any filled land owned by the United States, are under the administration of the BLM. Before this area can be managed for subsistence, the Subsistence regulations must be amended. See 36 CFR § 242.3(c) and 50 CFR § 100.3(c).

As you have been advised previously, the question of the existence of federal reserved water rights in marine waters is currently in litigation, so this Department is not opining on the issue at this time.

Cc: Tim Obst, Regional Attorney
Office of the General Counsel
U.S. Department of Agriculture