IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LINCOLN PERATROVICH, et al.,  )
                              )
                Plaintiffs,   )
                              )
    vs.                       )
                              )
UNITED STATES OF AMERICA, et al., )
                              )
                Defendants.   )
                              )
    and                       )
                              )   No. 3:92-cv-0734-HRH
STATE OF ALASKA,              )
                              )
          Intervenor-Defendant. )
_____)


O R D E R

Federal Defendants' Motion for Summary Judgment

Both the federal defendants and plaintiffs have filed motions for summary judgment.[1] The State of Alaska has conditionally joined in the federal defendants' motion.[2] Both motions are opposed. Oral argument has not been requested and is not deemed necessary.

The federal defendants' motion for summary judgment raises a number of technical and/or jurisdictional issues. Plaintiffs' motion for summary judgment addresses the merits of the dispute between the federal defendants and plaintiffs. In this order, the court addresses only the jurisdictional, technical issues raised by the

---

[1]Docket Nos. 218 & 231.

[2]Docket No. 230.

-1-

federal defendants' motion for summary judgment. Plaintiffs' motion for summary judgment will be addressed in a subsequent order.

## Standard of Review

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Because the issues raised by the federal defendants' motion for summary judgment are legal issues, the court's task is to determine, whether on the facts alleged, plaintiffs' claim is barred as a matter of law. See Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 959 (9th Cir. 2010).

## Law of the Case - Successive Motions

The federal defendants and plaintiffs debate the consequences of the court's 2006 order on the federal defendants' motion for judgment on the pleadings.[3] In denying judgment on the pleadings, the court observed:

> If the United States still holds title to some of the submerged lands within the Tongass National Forest, and it appears that it may, then the federal defendants are not entitled to judgment as a matter of law on plaintiffs' first theory.[4]

Plaintiffs now argue that the federal defendants are in substance asking the court to reconsider the foregoing holding in connection with their motion for summary judgment. The parties debate whether the foregoing ruling is subject to the law of the case doctrine. "Under the 'law of the case' doctrine, 'a court is generally

---

[3] Order re Motion for Judgment on the Pleadings (May 31, 2006), Docket No. 178.

[4] Id. at 27.

-2-

precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997) (quoting <u>Thomas v. Bible</u>, 983 F.2d 152, 154 (9th Cir. 1993)).

The court's foregoing holding did nothing more than decide that plaintiffs' amended complaint may have a legal basis. What is now before the court on motions for summary judgment seeks to resolve the merits of the legal circumstances which the court, on motion for judgment on the pleadings, believed might exist. The law of the case doctrine has no application in this kind of situation.

The federal defendants also argue that the law has changed as regards the sufficiency of plaintiffs' amended complaint. The law to which the federal defendants point has to do with the sufficiency of pleadings on motion to dismiss. Fed. R. Civ. P. 12(b)(6). As the federal defendants ultimately acknowledge, they have moved for summary judgment, not dismissal pursuant to Rule 12(b)(6).

In the Ninth Circuit, the district court has discretion to entertain successive motions raising legal issues. <u>Hoffman v. Tonnemacher</u>, 593 F.3d 908, 910-11 (9th Cir. 2010). Neither the law of the case doctrine nor the fact that successive motions have been filed preclude consideration of the federal defendants' motion for summary judgment.

<u>Quiet Title Claim - Standing</u>

Plaintiffs' amended complaint asserted four causes of action. In ruling on the federal defendants' motion for judgment on the

-3-

pleadings,[5] the court observed that the plaintiffs' amended complaint asserted but one cause of action

> based upon 16 U.S.C. § 3117 that the federal defendants have failed to provide plaintiffs with the priority for subsistence uses to which they believe they are entitled under ANILCA. Plaintiffs' four "causes of action" are in reality four different theories in support of the ANILCA-based cause of action.[6]

The only remaining "cause of action" is plaintiffs' first cause of action, which asserts that the federal defendants have wrongly refused to assume ANILCA jurisdiction over the navigable waters overlying submerged land within Tongass National Forest to which the United States holds legal title.

The federal defendants contend that this cause of action is in essence a quiet title claim. This contention is without merit. Plaintiffs' first cause of action does not challenge the title of the United States with respect to any property. Indeed, it is founded upon the argument that the United States does in fact have title to property which should have been treated as public lands by the defendant Secretaries for purposes of ANILCA.

The federal defendants argue that title to federal land is necessarily implicated in plaintiffs' claim. While it is true that federal lands may have to be <u>identified</u> at some point for purposes of plaintiffs' amended complaint, the question of title to submerged lands in Southeast Alaska was litigated by intervenor State of Alaska and the United States in <u>Alaska v. United States</u>, No. 128, Original

---

[5]Docket No. 152.

[6]Order re Motion for Judgment on the Pleadings at 23 (May 31, 2006), Docket No. 178.

-4-

(hereinafter "Original 128"). That litigation resulted in a settlement whereby the United States disclaimed title to much of the submerged land in Southeast Alaska. However, the United States' disclaimer (which is complex, to say the least) leaves no doubt that the United States has retained title to some submerged lands in Southeast Alaska which may be public land for purposes of ANILCA. That it may be necessary to identify lands not disclaimed by the United States for purposes of ANILCA does not cast doubt upon nor put in contest the United States' title to any land.

In a related argument, plaintiffs argue that they are not bound by the decision in Original 128. Plaintiffs were not parties to that action, but that does not alter the fact that the decision of the United States Supreme Court based upon the United States' disclaimer is the law of the land.

The federal defendants insist that the United States has disclaimed any interest in the lands at issue in this case. As the court has previously observed, the United States' disclaimer in Original 128 plainly leaves open the possibility that there are submerged lands in Southeast Alaska to which the United States has retained title. Plaintiffs' amended complaint remains viable as to submerged lands, title to which remains in the United States.

As an alternative to their quiet title claim argument, the federal defendants argue that plaintiffs lack standing because the plaintiffs have failed to show an injury in fact. The federal defendants acknowledge that the court has already ruled on this

-5-

issue.[7] The current argument is that plaintiffs have failed to <u>prove</u> that they have standing by demonstrating an injury flowing from the alleged failure to identify specific waters as public lands. In this regard, the State argues that the court's previous order on standing did not consider whether any plaintiff had standing as to any particular submerged lands in Tongass National Forest, title to which was not disclaimed by the United States.

The court ruled that plaintiffs have standing to pursue their ANILCA claim as to Tongass National Forest. The fact that the United States has disclaimed title to substantial portions of Tongass National Forest simply does not alter the fact that there may still be federally-owned submerged lands in Tongass National Forest, to which ANILCA privileges may attach. What the parties argue at this time in the name of standing really goes to the merits of plaintiffs' amended complaint. If there are submerged lands in Tongass National Forest which are public lands for purposes of ANILCA, then the federal defendants may have wrongly deprived plaintiffs of the permits for which they made application. That would constitute harm to plaintiffs that likely would be redressed by a decision in plaintiffs' favor. See <u>Krottner v. Starbucks Corp.</u>, 628 F.3d 1139, 1141 (9th Cir. 2010) (citations omitted) ("the irreducible constitutional minimum of standing" requires, among other things, a showing that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision").

---

[7]<u>See</u> Order re Peratrovich Plaintiffs' Standing (Sept. 3, 2009), Docket No. 197.

-6-

## Failure to State a Claim

The federal defendants next argue that plaintiffs have failed to state a claim upon which relief can be granted. Much of the argument between the parties on this subject goes to the merits of the case, not the question of whether plaintiffs' amended complaint adequately sets forth facts to support an action for judicial enforcement of Title VIII of ANILCA. Enforcement of the statutory preference for subsistence fishing may be sought by local residents or organizations when the federal government fails to provide the priority created by ANILCA based upon 16 U.S.C. § 3117. The factual and other allegations of plaintiffs' amended complaint comport with Section 3117(a). In particular, plaintiffs' amended complaint alleges that the federal defendants "have failed and refused to exert their federal regulatory jurisdiction with respect to . . . navigable marine waters that overlie the federally owned lands within the Tongass National Forest. . . ."[8]

The issue as to plaintiffs' first "cause of action" has repeatedly been defined as: are there marine waters within Tongass National Forest that should be public lands because the United States still holds title to the land beneath those waters? While the disclaimer in Original 128 eliminates much of the marine waters within Tongass National Forest, there remains the issue of whether or not there are marine waters that fall within the exceptions to the disclaimer; and that issue is still before the court.

---

[8]First Amended Complaint for Injunctive and Declaratory Relief at 17, ¶ 22, Docket No. 79.

Exhaustion of Remedies

The judicial review section of ANILCA expressly requires exhaustion of administrative remedies. 16 U.S.C. § 3117(a). The federal defendants argue that plaintiffs' contention that there are marine waters above submerged lands excepted from the Original 128 disclaimer should have been made the subject of an available administrative remedy before the Federal Subsistence Board. The federal defendants point out that the Sitka Tribe, through the Southeast Alaska Subsistence Regional Council, sought and obtained an amendment to regulations so as to permit subsistence fishing in certain waters in the area of Makhnati Island. Here, plaintiffs have not requested that the Secretaries determine that any particular marine waters are subject to the exceptions in the disclaimer made by the United States in Original 128.

The federal defendants' argument that plaintiffs have done nothing to exhaust administrative remedies is just plain wrong. First, the court has already ruled on this issue, concluding that plaintiffs did exhaust their administrative remedies.[9] The federal defendants seek to avoid this earlier ruling by contending that it pertained to the broader contention that waters within Tongass National Forest should be deemed public lands, whereas the matter now under consideration is the much narrower one of whether there are marine waters in Tongass National Forest that should be public lands based upon exceptions to the disclaimer in Original 128. The argument is meritless.

---

[9]Order re Motion for Judgment on the Pleadings at 22-23 (May 31, 2006), Docket No. 178.

Plaintiffs sought permits authorizing the taking of herring roe on kelp in marine waters within Tongass National Forest. The applications were denied administratively because extant regulations excluded marine waters from operation of the subsistence priority. That administrative action was based upon the fundamental question that is pending before the court on plaintiffs' motion for summary judgment: have the Secretaries failed to provide for the priority for subsistence fishing which ANILCA created in denying plaintiffs' applications?

The court is satisfied that plaintiffs have exhausted their administrative remedies for purposes of this court's jurisdiction. The nature and extent of the Secretaries' obligation to identify public lands and the question whether they have lawfully done so in Tongass National Forest, as well as the reach of any remedy to which plaintiffs may be entitled on the basis of their amended complaint, are all matters which the court will take up in its discussion of the merits of the case.

## Conclusion

Based on the foregoing, the federal defendants' motion for summary judgment is denied. The merits of plaintiffs' motion for summary judgment will be the subject of a future order.

DATED at Anchorage, Alaska, this 1st day of March, 2011.

/s H. Russel Holland
United States District Judge