**Shakan Kwaan Tlingit Nation**
Franklin H. James, Sr.
P.O. Box 8324
Ketchikan, AK 99901

**Taanta Kwaan Tlingit Nation**
Richard Makua
P.O. Box 9159
Ketchikan, AK 99901

Tom Harris
P.O. Box 110057
Anchorage, AK 99511-0057



RECEIVED
MAR 31 2021
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

**United States District Court**
District of Alaska
Honorable H. Russel Holland
222 West 7th Avenue – N0. 54
Anchorage, AK 99513-7545

March 29th, 2021

Re: Peratrovich v. United States
Case No. 3.92-cv-0734-HRH
Meeting on Fishing Rights

Dear Honorable Judge H. Russel Holland

I am writing this letter to illustrate the stonewalling, I have received since my case was won in the United States District Court. Although appealed by the State of Alaska, the courts informed the State of Alaska their appeal would not prevail at the lower court and they could appeal and would have to seek a decision in the higher courts. The State appealed to the Supreme Court but after review by the justices, the State of Alaska was again told their litigation efforts would not be upheld and they pulled the case before a negative court ruling would be found.

This of course was the end of the State of Alaska and Federal Government agencies legal attempt to overturn my case Lincoln Peratrovich, vs United States of America and State of Alaska. My case prevailed at every level and the ruling clearly pressed my issue of rural fishing rights for rural residents and Alaska Native Tribes. The ruling undoubtedly illustrates the Tribes and the rural citizens right to determine their fishery right to determine the self governance developing and managing their fishery regulatory rules in their approved fishing areas. Although the State and Federal agencies collaborated and colluded to usurp this ruling, this obvious ruse to ignore the court ruling was addressed by the court in 2014. (see court findings in this letter).

However, and this is where the long journey of over 10 years of regulatory roadblocks begin. First, I think the State of Alaska clearly and unequivocally objects to any fishing rights especially when they concern Native groups and segregated population groups

that may impact the for profit citizen fisherman. The State has long taken the European and American position of the conquered, or in this case, the overwhelmed by people and those peoples laws and land acquisition rules. The State of Alaska has long argued against Tribal rights and as a result have legislated not only the seizure of traditional Tribal lands but the abrogation of Tribal traditional rights including Alaska Natives rights to hunt and fish on our usual and accustomed resources the land and the ocean. Instead, the State continues to this day to follow their Charter that specifically states their mission was to preserve the economic development of the fisheries, shellfish and plant life for the purpose of helping those profiteers who are In stark contrast to the Native and rural user that has muti-purposes for the taking of the oceans bounty. The State continues to this day, to forcibly object to any hunting and fishing rights that identify the Tribal peoples, (Alaska Natives) as the sole participants or beneficiaries of any court ruling or federal legislation. Instead, the State of Alaska continue to mis-manage our traditional food source under the guise of protecting the resource when the facts show it is to the benefit of a select group, commercial fisherman, commercial harvester, commercial gather, which are predominantly white Americans. The most recent example was the King Salmon Closure, when the State of Alaska closed the King Salmon fishery, they allowed the Charter boats to continue to fish for and (release) the king salmon (with an apparent disregard of ANILCA). The Mortality rate for the release of king salmon is considered high, that was an acceptable level for this depressed species for the elimination of the subsistence user for the continued exploitation by the Charter boat industry. The traditional consumers of this fishery was excluded from catching this traditional food while the for profit user could catch this species, to the detriment of the fishery. This is a common trait of the Alaska Fish and Game to allow for the exploitation of our Traditional food source for the profit of usually and predominantly non-native owned business's.

The Lincoln Peratrovich case, clearly outlines and specifies the rights of Native peoples to have and the State of Alaska to make available this traditional food source to Native peoples and Tribes as well as rural citizens under ANILCA:

Under ANILCA section 8, §802. It is hereby declared to be the policy of Congress that--

> (1) consistent with sound management principles, and the conservation of healthy populations of fish and wildlife, the utilization of the public lands in Alaska is to cause the least adverse impact possible on rural residents who depend upon subsistence uses of the resources of such lands; consistent with management of fish and wildlife in accordance with recognized scientific principles and the purposes for each unit established, designated, or expanded by or pursuant to Titles II through VII of this Act, the purpose of this title is to provide the opportunity for rural residents engaged in a subsistence way of life to do so;

> (2) non-wasteful subsistence uses of fish and wildlife and other renewable resources shall be the priority consumptive uses of all such resources on the public lands of Alaska when it is necessary to restrict taking in order to assure the continued viability of a fish or wildlife population or the continuation of subsistence uses of such population, the taking of such population for nonwasteful subsistence uses shall be given preference on the public lands over other consumptive uses; and

> (3) except as otherwise provided by this Act or other Federal laws, Federal land managing agencies, in managing subsistence activities on the public lands and in protecting the continued viability of all wild renewable resources in Alaska, shall cooperate with adjacent landowners and land managers, including Native Corporations, appropriate State and Federal agencies and other nations.

The Peratrovich case explicitly rules that the State of Alaska contrary to ANILCA and the courts decision, continues to obstruct the full meaning of both ANILCA and the court ruling. Peratrovich clearly demonstrated to the court the right to fish in waters held by the Federal Government and as such the ruling clearly defines the Federal and State responsibility for adhering to the Courts findings and decision. After 10 years, the court ruling continues to be defined by the State as, we will follow the States mandates for all citizens and continue to make decisions that support economic entrepreneurship instead of Tribal rights and rural subsistence rights per the edict of the Court of the United States of America.

The State and the Federal Government have been charged with defining rural status and what that means when fishing and on federal waterways and defining the exclusive benefit of Tribal and rural status with regard to regulatory exclusivity. The State and Federal Governments also, continue to refuse to fully address the areas that are excluded from State regulatory rule and although quiet Title was certified as Federal property the Stat of Alaska continues to presume legal holding and jurisdictional rights over all land above and below the surface of the water. The courts again clearly held title for the Federal Government and as such those areas are and should be held under separate and distinct rural status guidelines and regulations.

> IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA LINCOLN PERATROVICH, rural Alaska resident; SHAKAN KWAAN, a Thlingit band of rural Alaska residents; and TAANTA KWAAN, a Thlingit band of rural Alaska residents; Plaintiffs, vs. PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR STATUS REPORT UNITED STATES OF AMERICA, et al., Defendants. and No. 3:92-cv-0734-HRH STATE OF ALASKA,

Intervenor-Defendant. Case 3:92-cv-00734-HRH Document 347 Filed 10/15/14 plaintiffs' complaint states only one cause of action: a claim based upon 16 U.S.C. § 3117 that the federal defendants have failed to provide plaintiffs with the priority for subsistence uses to which they believe they are entitled under ANILCA. (excerpts from court findings)

Plaintiffs brought an action seeking to require the Defendants to take such actions as are necessary "to provide for the priority," and Plaintiffs won. Defendants must now take such action as is necessary to provide Plaintiffs subsistence priority in marine waters within the Tongass overlying federally owned submerged land. That is not just "initiation" of a regulatory process. It requires prompt completion of the process and modification of the regulations. Yet to this day, three years after the Court ruled against them, the Defendants' regulations continue to read as follows:

> (c) The regulations contained in this part apply on all public lands, excluding marine waters, but including all inland waters, both navigable and non-navigable, within and adjacent to the exterior boundaries of the following areas: . . . (25) Tongass National Forest, including Admiralty Island National Monument and Misty Fjords National Monument;

This Court granted summary judgment in Plaintiffs' favor. Plaintiffs won on their claim "that the federal defendants have failed to provide plaintiffs with the priority for subsistence uses" to which they are entitled under ANILCA. But although Plaintiffs won before this Court, they continue to be denied their priority for subsistence uses by the Defendants' refusal to comply with the Court's order and Defendants revisionist interpretation of the Court's judgment in this case. As the Court held: The court finds it difficult to believe that the Forest Service, or any other federal agency, does not have the knowledge and means of determining what lands have been reserved for it. . . .

The federal defendants complain of the burden and expense which might attend a determination that marine waters in the Tongass National Forest are subject to Title VIII of ANILCA. As discussed above, they contend that the United States does not know precisely what enclaves it has retained in the Tongass National Forest and that the retained enclaves are small and scattered. Those facts, however, do not excuse the Secretaries from carrying out the statutory purposes of ANILCA, one of which is to provide a subsistence priority for rural Alaskans on public lands. The Secretaries' concerns about costs and management problems simply cannot trump the congressional policy that the subsistence lifestyle of rural Alaskans be preserved as to public lands.

ECF No. 277 at 32, 33.

Thus, the Secretaries' construction of Title VIII of ANILCA so as to generally exclude marine waters within the Tongass National Forest from the reach of Title

> VIII of ANILCA is not permissible. The regulations are not in accordance with law and must be set aside.
>
> ECF No. 277 at 35.
>
> Finally, the Court concluded: plaintiffs' motion for summary judgment and for injunctive relief is granted. The court declares that the federal defendants' regulation that generally excludes from ANILCA jurisdiction marine waters within the Tongass National Forest is not in accordance with Title VIII of ANILCA. The federal defendants are enjoined to promptly initiate regulatory proceedings for purposes of implementing Title VIII of ANILCA with respect to submerged public lands within the Tongass National Forest.

In summary, the State of Alaska and the Federal Government continue to regulate under the pretense that the Peratrovich ruling did not occur. Also, that their interpretive efforts supersede the facts of the court and they do not have to follow the courts ruling and intent for resolving this issue. It has been over 10 years since the courts ruling that I have waited for a definition of areas for rural status and the State and the Federal Government although passively addressing the ruling to indicate compliance have only done just that and minimized the courts ruling. It is time that rural fishing areas and regulations are clearly defined to move forward with this important issue and court order are adhered to by the Federal agencies and State of Alaska.

I address these issues with an understanding that time is moving on and I do hope to resolve this court case that I personally funded and spent many years trying to get relief from the courts and completion of compliance from the State of Alaska and the Federal Agencies. Although we know it's short notice, we would like to have a closed meeting, only with those that are working with me. My hope is that we can meet sometime in April but at the very least before June.

The rights we won and the State and Federal Agencies continue to stonewall the court decision and it is my hope the courts will hold both the State and Federal Agencies accountable for their complicity to ignore the court decree. We hope by having this meeting the Courts will create a mandate that the State of Alaska and the Federal Government at a very minimum will create a temporary opening by June 1, 2021. Because of the pressures of covid to feed our families, we entreat the State and Federal Agencies open areas and stop refuting the court order.

Franklin H. James, Sr.

Richard H. Makua

CC:

Dave Mushovic  
Chief, Branch Lands & Realty  
Alaska State Office  
Bureau of Land Management  
222 West Seventh Avenue # 13  
Anchorage, Alaska 99513-7504

Steve Scordino  
Attorney Advisor  
Alaska State Office  
222 West Seventh Avenue # 13  
Anchorage, Alaska 99513-7504

Chad B. Padgett  
Bureau Of Land Management  
222 West Seventh Avenue # 13  
Anchorage, Alaska 99513-7504

Katherine Van Massenhove  
Acting Chief, Branch Lands & Realty  
Alaska State Office  
Bureau Of Land Management  
222 West Seventh Avenue # 13  
Anchorage, Alaska 99513-7504

Steve Scorlino  
Attorney Advisor  
Office of the Solicitor, Alaska Region  
Alaska State Office  
222 West Seventh Avenue # 13  
Anchorage, Alaska 99513-7504

United State Department of the Interior  
Wayne Owen  
Director of Wildlife, Fisheries, Ecology, Watershed & Subsistence  
USDA Forest Service, Alaska Region  
1011 East Tudor Road MS 121  
Anchorage, Alaska 99503-6199

United State Department of the Interior  
Eugene R. Peltola Jr.  
Assistant Regional Director  
Office of Subsistence Management  
1011 East Tudor Road MS 121  
Anchorage, Alaska 99503-6199

Jahna Lingemuth  
Attorney General  
State of Alaska  
1031 West 4th Ave Suite 200  
Anchorage, Alaska 99501

Randolph H. Barnhouse  
Johnson Barnhouse & Keegan LLP  
7424 4th Street N.W.  
Los Ranchos de Albuquerque, New Mexico 87107